**STATE of Missouri ex rel. Gerald H. GOLDBERG, Director of Revenue, State of Missouri, Relator,**

v.

**The Honorable C. David DARNOLD, Judge of the 28th Judicial Circuit, Respondent.**

**No. WD 31620.**

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

As Modified Sept. 10, 1980.

William G. McCaffree, Nevada, for relator.

John D. Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., and SHANGLER, PRITCHARD, SWOFFORD, TURNAGE, MANFORD and KENNEDY, JJ.

### ORIGINAL PROCEEDING IN PROHIBITION

SHANGLER, Judge.

The relator Director of Revenue brings prohibition to challenge the jurisdiction of the respondent circuit judge to entertain a declaratory judgment action on the validity of a tax regulation. The relator contends that §§ 144.261 and 161.273, RSMo 1978, vest that determination with the administrative hearing commission [AHC] exclusively. The respondent contends that § 536.050, RSMo 1978, allows access either to a court or to the commission [AHC] for that purpose. These sections are amendments and enactments of Senate Bill 661, and each contention argues the integral effect of that comprehensive legislation.

The primary litigation involves a sales tax assessment of some $26,000 by the Director of Revenue against Central States Press, Inc. The taxpayer resists payment on the contention that the law does not authorize a sales tax on advertisement supplements and hence renders the rule which directs collection invalid. The assessment was entered on June 28, 1979. On July 24, 1979, the taxpayer brought a petition for declaratory judgment under § 536.050.1 [of the Administrative Procedure Act] in the circuit court of Vernon County to adjudicate sales tax rule 12 CSR 10–3.114 void

and to enjoin enforcement. On July 25, 1979, the taxpayer filed a *complaint*[1] with the AHC under § 536.050.*2* to declare, among other relief, the sales tax rule void. The Director moved the circuit court to dismiss the petition for declaratory judgment on the premise that the *complaint* was actually a petition for review of the final decision of assessment and so lodged exclusively with the AHC under the terms of § 144.261.[2] The taxpayer contended to the court that the petition for declaratory judgment in the circuit court under § 536.050.*1* [an original component of the Administrative Procedure Act adopted in 1945] and the complaint in the AHC under § 536.050.*2* [added by Senate Bill 661 in 1978] are alternative methods to test the validity of a legislative rule promulgated by an administrative agency. The court determined that Senate Bill 661 allowed access to either a court or to the AHC for that determination, that both the petition and the complaint presented only the question of the rule va-

lidity, hence the circuit court was vested with jurisdiction over the subject matter for a declaratory judgment and injunction under § 536.050.*1*, and restrained the AHC from proceeding on the *complaint.* Our preliminary rule issued to prevent the circuit judge from an adjudication of the validity of the sales tax rule by declaratory judgment. We now make our order of prohibition absolute.

In this proceeding, the respondent judge poses the issue as: whether the recent enactment of § 536.050.*2* by Senate Bill 661 repeals access to a circuit court for a declaratory judgment on the validity of an agency legislative rule under § 536.050.*1* so as to vest that jurisdiction exclusively with the AHC, or rather creates a concurrent subject matter jurisdiction in either tribunal.[3] The relator does not contest, however, that a citizen has option of access either to the circuit court under § 536.050.*1* or to the AHC under § 536.050.*2* to determine the validity of a legislative rule.[4] Rather, the

1. The significance of the choice of pleading nomenclature becomes manifest in the course of opinion.

2. "Final decisions of the director under the provisions of this chapter are reviewable by the filing of a petition with administrative hearing commission in the manner provided in section 161.273, RSMo. within thirty days after the mailing or delivery of such decision."

   The relevant § 161.273 provides:
   "Except as otherwise provided by law, any person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director or revenue. . ."

3. § 536.050. 1. *The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented.*
   2. The validity or applicability of any rule, regulation, resolution, announced policy, applied policy, or any similar official or unofficial interpretation or implementation of state agency authority, *other than in a contested case* or in a law enforcement proceeding, *may be determined in an action to be brought by the filing of a written complaint with the administrative hearing commission by any interested person,* or duly constituted entity, who is affected by such interpretation or implementation in a

manner or to a degree distinct and different from other members of the general public. The complaint shall set forth the manner or degree in which the agency action or position affects the complainant, and the reasons for believing such action or position to be invalid or inapplicable to the complainant. [emphasis added]

4. The terms of § 536.050 are clear that subsection 2 gives effect to the legislative intention that the jurisdiction of the administrative hearing commission [AHC] to determine the validity of a state agency rule be an alternative remedy to a declaratory judgment action in the circuit court for that purpose under § 536.050.*1*.

   The official Report of the Select Committee on Administrative Rulemaking of the Missouri Senate [filed with the Secretary of the Senate on November 20, 1975] discloses that Senate Bill 661 was prompted by lawmaker concern that nonelected administrators entrusted with the delegated power to promulgate legislative rules use that authority responsively to the public will. Agency rules went unpublished and so were unknown to the citizens affected, and were often obscure to the agency itself. This neglect was corrected by legislation in 1975 by a uniform system of rule enactment, after prior notice and opportunity for public comment [§§ 536.021 and 536.027], a uniform system of publication, index and codification [§§ 536.023 and 536.031], and a joint legislative committee of rule review 536.037]. Another lawmaker concern was the questionable prac-

relator contends–and the pleadings pose–that the *complaint for declaratory determination* was actually a *petition to review* the assessment of tax against Central States Press, Inc. Thus [the relator concludes] the validity of the agency rule was only an incident of the final decision of assessment by the Director of Revenue and so within the plenary review jurisdiction vested exclusively in the AHC by §§ 144.261 and 161.273.

In the perspective of the legislative history and purpose of Senate Bill 661 [see note 4], it is evident that a complaint under § 536.050.2 no less than a petition under § 536.050.1 invokes the *original* and not the *review* jurisdiction of the tribunal. The hearing before the AHC to determine the validity of a rule is informal as befits a nonfactual dispute, and conforms to the procedure in a noncontested case [§ 161.335]. The hearing before the AHC to review a final decision of the Director, however, is formal and conforms to the procedure in a contested case under the Administrative Procedure Act [§ 161.273 and § 536.070; Rule 100.01(3)]. The interest of a plaintiff to sustain a *complaint* before the AHC–unlike the distinctive subject matter interest necessary for status for *review* of an administrative decision [*State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 909[8, 9] (Mo.App.1978)]–need only exceed that of the public generally [§ 536.050.2]. Also, the scope of the original inquiry by complaint before the AHC extends beyond merely "the validity of rules, or of threatened applications thereof" to which the circuit court is confined under § 536.050.1 and encompasses grievance under § 536.050.2 against an unlawful "resolution, announced policy, applied policy, or any similar official or unofficial interpretation or implementation of state agency authority." This scheme of enactment gives effect to the lawmaker intention that the validity of a rule before the AHC under § 536.050.2 be a remedy of ready access by a citizen to an impartial tribunal–summary, inexpensive and efficient–for original determination of complaint of official rule abuse.

Whether the taxpayer has proper resort to the jurisdiction of the respondent circuit court of Vernon County to adjudicate the validity of the sales tax rule, therefore, depends upon whether the pleading by Central States Press, Inc. before the AHC invokes the *original or review* jurisdiction of that tribunal. If the former, then the circuit court has concurrent power to adjudicate the validity of the rule at the option of the plaintiff and prohibition does not lie to enjoin that jurisdiction. If the latter, then

tice of administrative employees to assert formal rules or informal policies of doubtful validity, but of such inconsequence that the slight cost of compliance as compared to the burden of litigation prompted the citizen not to object. The correction of that abuse was the purpose of the Senate Bill 661 enactment into subsection 2 of § 536.050, among other provisions. That the Committee–and subsequent formal enactment intended subsection 2 as a ready, summary and inexpensive remedy cumulative of subsection 1 appears from the explicit Report comment [page 10]:

"Section *536.050, RSMo 1969 provides that* the courts of this state may render declaratory judgments respecting the validity of interpretation of rules, and that the plaintiff may bring such suits either in the county of the plaintiff's residence or in the Circuit Court of Cole County.

Without changing these provisions, the committee recommends that the following language be added to that statute, thereby giving the public *a new* and *alternative* method of relief." [emphasis in original]

Then follows a rescript of subsection 2 as enacted by Senate Bill 661 except that in the actual enactment *state* precedes *agency*–all in accordance with a separate recommendation of the Report that the effect of these procedures be limited to the rule promulgations and policies of state agencies.]

"Thus, an aggrieved person would have his choice of following either the present provisions relating to declaratory judgment, or of filing a petition [sic] before the Administrative Hearing Commission. But he could not do both."

It is anomalous, however, that the remedy before the AHC under subsection 2, intended to be more expeditious and less expensive than formal proceeding before the circuit court under subsection 1, rests venue in Jefferson City or other county at the discretion of the AHC [§161.312; Administrative Hearing Commission Rule 2.090(2)–(A)] whereas venue under subsection 1 rests, at the option of the plaintiff, in the county of residence or in the circuit court of Cole County. § 536.050.1.

the subject matter of jurisdiction is the sales tax assessment of the Director—and, only incidentally the rule validity [*American Hog Company v. County of Clinton*, 495 S.W.2d 123, 126[3, 4] (Mo.App.1973)] and the plenary power of determination rests exclusively with the AHC. §§ 144.261 and 161.-273.

■■ The pleading before the AHC is designated *complaint*. It is by *complaint* that a litigant engages the original jurisdiction of the AHC to determine the validity of a rule or policy. § 536.050.2. The legal effect of a pleading as a statement for relief, however, is determined not by the rubric but by the substance of the recitals. *J. R. Watkins Company v. Hubbard*, 343 S.W.2d 189, 195[4] (Mo.App.1961). The complaint recites the pendency of an action for declaratory judgment and injunction against the Director of Revenue in the circuit court of Vernon County to invalidate the sales tax rule and explains the concurrent pleading for that purpose before the AHC by the allegation [Paragraph III]:

> Because the Department of Revenue may allege that a direct attack upon the statute cannot be made without exhausting administrative remedies, this application is made alternatively in order that the petitioner's right of judicial review might not be forfeited.

The relief invoked was that

> as an alternative and contingent remedy to that being sought in the Circuit Court of Vernon County, Missouri, petitioner prays that state Sales Tax Rule 10–3.-114(010–50), be declared to be void and the assessments heretofore made by the Missouri Director of Revenue be remanded and cancelled, and pending final disposition of this cause, an interim order abating all interest and penalties be issued. [emphasis added]

The return by the respondent judge to the preliminary rule in prohibition describes the complaint as "an alternative and contingent direct attack upon the validity of the sales tax rule"—and not a review of the merits of the assessment decision.

■ The legal effect of these recitations, however temporized as a contingent remedy, invokes the jurisdiction of the AHC to cancel the assessment of the Director of Revenue against the taxpayer on the ground that the rule on which the order rests is invalid. The pleading contests the rule as applied to those facts to annul that determination. A *decision*, by definition, includes an agency order whether negative or affirmative in form [§ 536.010(3)] *on specific facts*. *Missourians for Separation of Church and State v. Robertson*, 592 S.W.2d 825, 836[6, 7] (Mo.App.1980). A *rule*, by definition, includes every agency regulation or statement of policy "of general application and future effect" [Rule 100.-01]—and so declares *in advance of facts* whether that implementation conforms to the statute of delegation or other requirements of law. *Missourians for Separation of Church and State v. Robertson*, supra, l.c. 836[6, 7]; *Ackerman v. City of Creve Coeur*, 553 S.W.2d 490, 492[2] (Mo.App.1977). The order of the Director to assess the taxpayer advertisement supplement distribution applies the sales tax rule to a specific set of facts and so promulgates a decision and not a rule.

■ The *review* of a *decision* of the Director of Revenue rests exclusively with the AHC by a petition for that purpose and becomes a contested case. §§ 144.261 and 161.273. The express § 536.050.2 empowers the AHC to determine the validity of an agency rule by complaint [that is, on original jurisdiction] but withholds that power "in a contested case." That scheme vouchsafes that when a rule or policy is applied to a specific set of facts the plenary subject matter review jurisdiction of the AHC shall not be fragmented into separate proceedings—one to assess the facts of decision and the other to assess the rule or policy as an exercise of a delegated power. That scheme also vouchsafes the purpose of Senate Bill 661 for ready access to a citizen for the prompt and informal determination of rule or policy validity in advance of an actual contest on facts—by resort to the original jurisdiction of the AHC by complaint.

 The respondent judge [and taxpayer] asserts intermittently that § 536.050 means for the circuit court to have the primary—or at least concurrent—jurisdiction to determine rule validity whatever the other subject matter before the AHC. There is no impediment to the taxpayer resort to the circuit court of Vernon County to adjudicate the validity of the sales tax rule employed by the Director of Revenue as the basis of assessment. That option remains with the taxpayer. It may be exercised by dismissal of the "complaint" before the AHC. In that event, however, the tax assessment on review before the AHC becomes final and payable. Any declaration on invalidity of the agency sales tax rule by the circuit court of Vernon County could have effect only as a matter of future application and not on the facts upon which the decision of assessment by the Director of Revenue rests. That determination remains an integral part of the subject matter under review by the AHC. The operation of law denies that jurisdiction to the circuit court of Vernon County altogether when that subject matter is on review to the AHC. That effect follows from the express § 536.050.1 which limits the jurisdiction of the circuit court to a declaratory judgment and injunction "respecting the validity of rules, or of *threatened applications* thereof" by the agency. [emphasis added] A rule already applied to a set of facts [as in this case] has become a decision. The application is no longer *threatened*, but has become *actual.* Thus, under the express statute, a person in interest who disputes the validity of a rule the agency threatens to use as the basis for an assessment or other decision, has recourse not only to the declaratory power of a circuit court but also to enjoin the agency from application of the rule while the adjudication of validity pends. At rendition of assessment by the agency, however, the threat of the rule reifies into actual application and *decision*—a subject matter within the exclusive review jurisdiction of the

AHC and beyond the power of a circuit court under § 536.050.1.[5]

 Our preliminary rule in prohibition enjoined the circuit court of Vernon County from further exercise of declaratory judgment jurisdiction under the petition. To maintain the *status quo* during the pendency of our adjudication, however, our order concurrently directed that the temporary injunction of the circuit court against the Director of Revenue and the taxpayer from further review proceeding before the AHC remain in effect.

Our preliminary rule in prohibition is now made absolute against the respondent circuit judge as to any further exercise of jurisdiction under the petition, both as to declaratory judgment and injunction.

All concur.

---

5. The judicial review of an administrative hearing before the AHC under § 536.050.2 goes to the Court of Appeals. § 161.337.