STATE ex rel. James F. RIORDAN, et al., Relators,

v.

Honorable Robert H. DIERKER, Jr., Judge, Circuit Court, City of St. Louis, Respondent.

No. 79781.

Supreme Court of Missouri, En Banc.

Nov. 25, 1997.

James C. Owen, Elaine M. Moss, Katherine S. Walsh, St. Louis, for Relators.

Jason S. Spillman, J. Kent Lowry, Jefferson City, for Respondent.

HOLSTEIN, Judge.

Relators seek a writ of mandamus to compel the judge of the Circuit Court of the City of St. Louis to retransfer to Cole County a case that Relators allege was improperly transferred from Cole County. Pursuant to article V, sec. 4 of the Missouri Constitution, this Court issued an alternative writ of mandamus to determine if sec. 84.015, RSMo Supp.1996, mandates that actions against the Board of Police Commissioners of Metropolitan St. Louis be brought exclusively in the City of St. Louis. We hold that it does not. The alternative writ of mandamus is made peremptory.

## I.

Plaintiffs in the underlying suit serve as trustees of the Police Retirement System of St. Louis ("Retirement Board"), which is established and governed by chapter 86, RSMo. Defendants in that suit are members of the Board of Police Commissioners of Metropolitan St. Louis ("Police Board"), which is established and governed by chapter 84, RSMo.

Effective August 28, 1993, sec. 86.213 was amended to provide as follows:

Each commissioned elected trustee shall be granted travel time by the St. Louis metropolitan police department to attend any and all functions that have been authorized by the board of trustees of the police retirement system of St. Louis. Travel time for a trustee shall not exceed thirty days in any board fiscal year.

Sec. 86.213.2, RSMo 1994.

The following month, the office of the chief of police issued Special Order 80–S–45, section XII of which sets forth the language now codified as sec. 86.213.2. In addition, the Special Order contains the following paragraph:

Department members, who are trustees, may be granted a minimum of two (2) travel days per function at the discretion of the Chief of Police. If a function is scheduled to last longer than the number of travel days granted by the Chief of Police,

the member will be allowed to use vacation days and discretionary holidays for this purpose. If the member does not personally request the use of vacation days or discretionary holidays, a furlough without pay will be allowed.

On September 17, 1996, the individual members of the Retirement Board filed a petition for declaratory judgment and damages against the individual members of the Police Board in the Circuit Court of Cole County. In count I of its petition, the Retirement Board sought a judgment declaring that sec. 86.213.2, requires that active Retirement Board trustees be compensated for time spent en route and while attending all functions authorized by the Retirement Board, subject to the thirty day limitation contained therein. In count II, two individual members of the Retirement Board sought actual damages for the Police Board's failure to compensate them for full travel time spent attending functions authorized by the Retirement Board.

The Police Board filed a motion to dismiss. The Police Board argued that venue was improper in Cole County and that the action should be dismissed or, alternatively, transferred to the City of St. Louis. On March 3, 1997, after hearing oral argument, the Circuit Court of Cole County found venue to be improper in Cole County under sec. 84.015, RSMo Supp.1996. Accordingly, the court ordered the cause transferred to the City of St. Louis. The Retirement Board filed a petition for writ of prohibition in the Court of Appeals, Western District, which was denied without comment. The Retirement Board then sought a writ of prohibition from this Court, which was treated as a writ of mandamus because the cause had already been transferred to the Circuit Court of the City of St. Louis. This Court sustained the Retirement Board's petition and issued an alternative writ of mandamus.

## II.

At the outset, the Court must determine whether a 1997 statutory enactment governs this action. During its 1997 term, the General Assembly enacted H.B. Nos. 69, 179 and 669, which became effective on August 28,

1997. Section 1 of that act declares, "All causes of action against members of the St. Louis board of police commissioners in their official capacity shall be commenced in the circuit court of the city of St. Louis."

 The 1997 statute does not apply here because the petition was filed before the effective date of the act. It is a rule of construction that a "statutory provision that is remedial or procedural operates retrospectively unless the legislature expressly states otherwise." *Wilkes v. Missouri Highway & Transp. Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). In this case, we need not turn to presumptions to aid in construction because the legislature has clearly expressed its intention. By its plain language, the 1997 statute establishes only where suits "shall be commenced." The 1997 statute does not purport to affect venue for actions already commenced. It expressly applies only to actions filed after its effective date.

Because we find the 1997 statute inapplicable, the Court need not address the Retirement Board's constitutional challenges to its enactment.

### III.

 The Retirement Board argues that the Circuit Court of Cole County erred in transferring the action from Cole County to the City of St. Louis because venue was proper in Cole County. If there is a clear, presently existing right to have the case adjudicated in Cole County, a writ of mandamus is the appropriate remedy. See *State ex rel. Johnson v. Griffin*, 945 S.W.2d 445, 446 (Mo. banc 1997).

The issue in this case is whether sec. 84.015, RSMo Supp.1996, provides exclusive venue in the City of St. Louis. This section provides, "Venue for any civil action involving the board of police commissioners ... shall be appropriate in the [City of St. Louis]." The Retirement Board interprets sec. 84.015 as providing an alternative venue, not exclusive venue, in the City of St. Louis.

 To interpret sec. 84.015, this Court must "ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning."

*Division of Emp. Sec. v. Taney County Dist. R–III*, 922 S.W.2d 391, 393 (Mo. banc 1996) (quoting *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988)). Section 84.015 does not use the word "exclusive" or any synonym thereof. It states only that venue "shall be appropriate" in the City of St. Louis. This section by its terms provides for venue in the City of St. Louis, but places no limits on venue in other jurisdictions.

The Retirement Board correctly points out that venue is also appropriate in Cole County under sec. 536.050.1, RSMo 1994. This subsection establishes venue for declaratory judgment actions respecting the validity of rules:

The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of such suits against agencies shall, at the option of the plaintiff, be in the circuit court of Cole County, or in the county of the plaintiff's residence, or if the plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. Nothing herein contained shall be construed as a limitation on the declaratory or other relief which the courts might grant in the absence of this section.

 Statutes which seemingly are in conflict should be harmonized so as to give meaning to both statues. *County of Jefferson v. Quiktrip Corp.*, 912 S.W.2d 487, 490 (Mo. banc 1995). Here, the Court must harmonize one specific statute that allows suits challenging agency rules to be brought in Cole County, sec. 536.050, and another specific statute that allows venue in the City of St. Louis, sec. 84.015. That venue is proper in one county does not mean that venue is improper in another. *State ex rel. City of Springfield v. Crouch*, 687 S.W.2d 639, 642 (Mo.App.1985). Neither of these sections contain language indicating a legislative intent to provide a sole, exclusive venue. As such, these sections can be harmonized by

interpreting them as providing alternative venues.

█ The Police Board's brief does not challenge the assertion that special order 80–S–45 is a rule. Rather, it argues that the petition requests only a declaration of the meaning of the underlying statute, sec. 86.213.2. The Police Board's reading of the petition is too narrow. It is true that the prayer of the petition asks only for a declaration as to the meaning of the statute. However, a fair reading of the petition in its entirety makes it clear that it seeks to have the Police Board's rule, and actions taken thereunder, set aside as contrary to the statute. Section 565.050 establishes venue for this action because the petition "implicitly engages the power of the court to render declaratory judgment on the validity of a rule or the threatened application of a rule." *Missourians for Separation of Church and State v. Robertson,* 592 S.W.2d 825, 836 (Mo. App.1979).

█ The Police Board also contends that sec. 536.050 does not apply to this action because the petition seeks damages in addition to a declaratory judgment regarding the validity of a rule. The Police Board cites no case authority in support of this argument. It is unnecessary to determine whether or not Cole County venue would be proper for the claim for damages. If the claim for declaratory relief was filed in a proper venue, any other claim may be joined against the opposing party under Rule 55.06(a). See *State ex rel. McClain v. Heckemeyer,* 741 S.W.2d 734, 737 (Mo.App.1987); 92 C.J.S. Venue sec. 70 (1955).

### IV.

When the underlying action was filed, venue was proper in Cole County under sec. 536.050. The alternative writ in mandamus is made peremptory.

BENTON, C.J., and PRICE, LIMBAUGH, ROBERTSON and WHITE, JJ., and REINHARD, Special Judge, concur.

COVINGTON, J., not sitting.