Wm. Page Bellamy Lafayette County Prosecuting Attorney P.O. Box 59 Lexington, MO 64067
Dear Mr. Bellamy:
This opinion is in response to your question asking:
 Can a proposal for a new law enforcement sales tax be submitted to the voters at the 1999 municipal election date of April 6, 1999, when the same proposal failed on [April 7, 1998]?
Section 67.582, RSMo Supp. 1997, authorizes the governing body of certain counties to impose a sales tax for law enforcement purposes if the voters of the county authorize the governing body to impose such tax. Subsection 2 of Section 67.582 sets forth the form of the ballot proposition to be submitted to the voters and in addition states:
 If a proposal receives less than the required majority, then the governing body of the county shall have no power to impose the sales tax herein authorized unless and until the governing body of the county shall again have submitted another proposal to authorize the governing body of the county to impose the sales tax authorized by this section and such proposal is approved by the required majority of the qualified voters voting thereon. However, in no event shall a proposal pursuant to this section be submitted to the voters sooner than twelve months from the date of the last proposal pursuant to this section. [Emphasis added.]
When interpreting statutes, courts must ascertain the intent of the legislature from the language used, give effect to that intent if possible, and consider the words used in their plain and ordinary meaning. State ex rel. Riordan v. Dierker, 956 S.W.2d 258,260 (Mo. banc 1997). The statute under consideration provides in no event shall a proposal be submitted sooner thantwelve months from the date of the last proposal. The statute refers to a period of time based on months. Section 1.020(10), RSMo 1994, defines the term "month" to mean "calendar month." Elections, with certain exceptions, are held the first Tuesday after the first Monday in certain months.
Section 115.123, RSMo Supp. 1997, provides:
 115.123. Public elections to be held on certain Tuesdays, exceptions. — 1. All public elections shall be held on Tuesday. Except as provided in subsections 2, 3 and 4 of this section, and section 247.180, RSMo, all public elections shall be held on the general election day, the primary election day, the general municipal election day, the first Tuesday after the first Monday in February or November, or on another day expressly provided by city or county charter.
 2. Notwithstanding the provisions of subsection 1 of this section, school districts may hold elections on the first Tuesday after the first Monday in June and in nonprimary years on the first Tuesday after the first Monday in August, and municipalities may hold elections in nonprimary years on the first Tuesday after the first Monday in August.
3. The following elections shall be exempt. . . .
* * *
[Emphasis added.]
Section 115.121, RSMo Supp. 1997, provides:
 115.121. General election, when held — primary election, when held — general municipal election day defined. — 1. The general election day shall be the first Tuesday after the first Monday in November of even-numbered years.
 2. The primary election day shall be the first Tuesday after the first Monday in August of even-numbered years.
 3. The election day for the election of political subdivision and special district officers shall be the first Tuesday after the first Monday in April each year; and shall be known as the "general municipal election day". [Emphasis added.]
Because elections, in most circumstances, are limited to only one day in certain months ("the first Tuesday after the first Monday" of certain months) and because the time period referred to in subsection 2 of Section 67.582 is stated in "months" ("twelve months"), we conclude the statutory prohibition on submitting a proposal sooner than twelve months from the date of the last proposal should be viewed in terms of "months" rather than the given day of a particular month. An election held in April 1999 is not sooner than twelve months from an election held in April 1998.
Furthermore, the legislature is presumed not to intend an unreasonable or absurd result but rather a logical one. State exrel. Foster v. Morris, 913 S.W.2d 85, 86 (Mo.App. E.D. 1995). "General municipal election day" is the first Tuesday after the first Monday in April each year. Section 115.121, RSMo Supp. 1997. In some years the general municipal election day will be more than 365 days after the preceding general municipal election day and in other years less than 365 days. For example, general municipal election day in 1996 was April 2, 1996 and in 1997 was April 8, 1997, a difference of more than 365 days. However, general municipal election day in 1999 will be April 6, 1999 but in 2000 will be April 4, 2000, a difference of less than 365 days. It is unreasonable to presume the legislature would have intended a proposal defeated in April 1996 could be voted on again in April 1997 but a proposal defeated in April 1999 cannot be voted on again in April 2000. A more logical result is that a proposal defeated in April of one year may be voted on again in April of the following year, regardless of which day in April is general municipal election day.
 CONCLUSION
It is the opinion of this office that the provision in subsection 2 of Section 67.582, RSMo Supp. 1997, stating "in no event shall a proposal pursuant to this section be submitted to the voters sooner than twelve months from the date of the last proposal pursuant to this section" does not prevent a county law enforcement sales tax question from being submitted to voters at the April 6, 1999 election even if a similar question was defeated at the April 7, 1998 election.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General