KANSAS ASSOCIATION OF PRIVATE INVESTIGATORS, et al, Appellant–Respondent,

v.

Joseph J. MULVIHILL, et al, Respondent–Appellant.

Nos. WD 57956, WD 57957.

Missouri Court of Appeals, Western District.

Nov. 14, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2000.

Application for Transfer Denied Feb. 13, 2001.

Dale H. Close, Esq., Kansas City, for Respondents.

Douglas S. Stone, Esq., Kansas City, for Appellants.

Before LOWENSTEIN, P.J., LAURA DENVIR STITH and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

The parties' appeals in this case stem from two decisions of the Kansas City, Missouri, Board of Police Commissioners (Board) to increase the licensure fees charged to private security officers seeking limited police powers in Kansas City, Missouri. The plaintiffs include a Kansas association composed of private investigators as well as individual Kansas and Missouri investigators (collectively referred to as Investigators). The defendants include the Board, the individual members of the Board, as well as the license officer and counsel for the Board. The Investigators' seven-count petition, filed as a class action, sought a judgment declaring that the fee increases were the result of illegal rule-making and prayed for injunctive relief, actual damages and for additional relief under 42 U.S.C. § 1983 (1994).

**Factual and Procedural History**

This appeal primarily concerns (1) the validity of regulations increasing license fees for private security officers as promulgated by the Board, and (2) whether the trial court could award damages based on the fees increased by the invalid rule-making.

The Investigators include the Kansas Association of Private Investigators

(KAPI), a not-for-profit membership corporation which is authorized to conduct business in Missouri and is composed in part of members who require licenses from the Board. The other Investigators are William Sanders, Alcops, Inc., Jerry Geraldine Basson, Valerie Dutro, John Ellis and Michael Galbreath, who are also in the business of private detection, private investigations and/or private security throughout the Kansas City, Missouri, area and require licenses from the Board.

The Board is an agency of the State of Missouri, established pursuant to § 84.350 RSMo, 1994,[1] and has the authority to "regulate and license all private security personnel and organizations" within Kansas City, Missouri, under § 84.720. At the time the suit was filed, the Board was comprised of Jeffrey Simon, Joseph Mulvihill, James F. Ralls, Jr., Dr. Stacey Daniels, and Emanuel Cleaver II, the five police commissioners.[2] These Board members were sued in their individual as well as their official capacities. Additionally, the petition names defendants Tamy Gallagher, in her official capacity as Supervisor of the Private Officers Licensing Section at the police department and in her individual capacity, and Dale Close, a legal advisor for the police department, in his individual capacity.[3]

The Investigators' petition primarily concerns two sets of fee increases for private security licenses: one which became effective in 1988 (Pre–1997 Fee Structure), another which became effective February 3, 1997 (1997 Fee Increase).[4] Three classes were certified: Class I were persons who possessed a license as of February 3, 1997; Class II were persons who previously held a license but after February 3, 1997, had their licenses revoked for non-payment of the increased license fee; and Class III were persons who paid license fees for issuance, renewal or transfer of a license at any time after September 29, 1988.

In this suit filed in Cole County, Investigators sought: (I) a declaratory judgment defining terms in § 84.720; (II) declaratory and injunctive relief based on alleged illegal rulemaking from the 1997 Fee Increase and subsequent enforcement of those illegal rules; (III) declaratory and injunctive relief based on alleged illegal rulemaking from Pre–1997 Fee Structure and subsequent enforcement of those illegal rules; (IV) a declaratory judgment that a particular one-time fee was "arbitrary and capricious"; (V) declaratory and injunctive relief with respect to a regulatory exception for off-duty members of the Kansas City, Missouri Police Department; (VI, VII) two counts of damages under 42 U.S.C. § 1983 (1994) against two Police Commissioners, Close and Gallagher.

This case first was removed to federal court. U.S. Magistrate Knox granted summary judgment in favor of the Board on Counts VI and VII and remanded the remainder of the case to Cole County. The sole point of Investigators' appeal is to contest the U.S. District Court's grant of summary judgment on the two § 1983 claims.

The rest of the appeal is brought by the Board. With regard to Counts II and III, the circuit court held that both the Pre–1997 Fee Structure and the 1997 Fee Increase constituted void rulemaking and awarded refunds of the fees to the Plaintiffs and issued an injunction against en-

---

1. All further statutory references are to the Revised Statutes of Missouri, 1994, unless otherwise indicated.

2. The composition of the Board has since changed. Mayor Kay Barnes replaced Emanuel Cleaver II, and Dennis Eckold replaced James F. Ralls, Jr. as Commissioners. The other named defendants remain in their current positions.

3. Further references to all of the defendants will be as "Board" unless otherwise indicated.

4. The 1997 Fee Increase consists of increases to the amount of the Pre–1997 Fee Structure, a new "agency license" and "agency fee," the creation of new subclassifications for armed and unarmed licenses, and a one-time surcharge for automation.

forcement of either fee structure.[5] For purposes of the Pre–1997 Fee Structure, the trial court apparently relied on the fact that the Board's regulations have not contained specific license fee amounts for issuance of licenses since 1988.[6]

The 1997 Fee Increase involved a 1994 regulation. In 1994, the Board gave itself permission to increase license fees "from time-to-time" by posting the fees increases at the Private Officers Licensing Section. This 1994 regulation was codified at Title 17, CSR, § 10–2.040(1).[7] The amount of any proposed fee increase was not included in the Missouri Register and never adopted into the rule. In 1997, the Board increased the fees pursuant to the 1994 rule, again without publishing the fee increases in the Missouri Register. Although the parties jointly stipulated that the Board complied with § 536.021 of the Missouri Administrative Procedure Act (MAPA) when it adopted the rules relating to fee changes, the trial court found that both the Pre–1997 Fee Structure and the 1997 Fee Increase constituted void rulemaking and issued a permanent injunction against enforcement of either scheme. The Board appeals those rulings and the ruling that granted retroactive relief in the form of refunds for the license fees.

### Standard of Review

■ Review of a grant of summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). As such, this court reviews the trial court's determination independently, without deference to that court's conclusions. *Id.*

### Analysis

### I. Investigators' Appeal

**Does this court have jurisdiction to review a summary judgment granted in federal court?**

■ Investigators did not utilize the federal court system to contest Judge Knox's rulings on Counts VI and VII. Instead, Investigators ask this court to review the federal court's decision granting summary judgment in favor of the Board under 42 U.S.C. § 1983 (1994). This court is without jurisdiction to review a judgment of a federal district court. This court's jurisdiction arises from the Missouri Constitution, which allows for appellate review of judgments of Missouri tribunals where exclusive jurisdiction does not lie in the Supreme Court of Missouri. Mo. Const. art. V, § 3. Moreover, the right to appeal is statutory. *Schulze v. Erickson*, 17 S.W.3d 588, 590 (Mo.App.2000). "An appellate court lacks jurisdiction to hear an appeal if it is not authorized by statute." *Id.* No statutory authority exists to appeal a federal district decision to a Missouri appellate court. This point is denied.

### II. Board's Appeal

**A. Did the trial court err in finding the Pre–1997 Fee Structure and the 1997 Fee Increase illegal?**

The next question is whether the trial court erred in finding the Pre–1997 Fee

---

**5.** Neither party appealed the remaining rulings: the court held that the declaratory judgment sought in Count I was resolved by a stipulation by the parties; the court declined to rule on Count IV because it was not a ripe controversy; and the court awarded summary judgment to the Board in Count V.

**6.** The 1988 regulation apparently was not presented to the court. However, a stipulation by the parties reads as follows: "Board's Regulations have not at any time since September 29, 1988 contained the specific License Fee amount charged by Board for issuance of Licenses."

**7.** The full text of Title 17, CSR, § 10–2.040(1) follows: "From time-to-time [sic] the board will establish a schedule of fees for various services provided by the Private Officers Licensing Station. The schedule of fees is posted in the Private Officers Licensing Section office. The board shall have the authority to set a minimum initial application process. In the event that the applicant meets all of the qualifications for licensure, the application fee shall be applied toward the total cost of the license, as established by the board."

Structure and the 1997 Fee Increase illegal. The Board makes two arguments: one relying on joint stipulations of the parties, the other its asserting compliance with § 536.021.

The Board first argues that the trial court erred in concluding that the Pre-1997 Fee Structure and the 1997 Fee Increase are illegal based on joint stipulations made by the parties. With regard to the Pre-1997 Fee Structure, the Board relies on the following stipulation: "Section 10–2.040 was proposed in accordance with the procedures contained in Section 536.021 of the Revised Statutes of Missouri, including the requirement that there be a thirty day comment period before the final orders of rulemaking was published." With regard to the 1997 Fee Increase, made pursuant to the 1994 rule, the Board relies on the following stipulation: "Board's Regulations, which were adopted effective on or after January 31, 1994 were adopted in accordance with the procedures required by Section 536.021 of the Revised Statutes of Missouri."

■ It is within the province of the court, not the parties, to determine whether a rule is issued in accordance with the law. The Board correctly argues that the Investigators are bound by stipulations of fact, but courts are not bound by stipulations that attempt to fix a conclusion of law. *Bull v. Excel Corp.*, 985 S.W.2d 411, 415 (Mo.App.1998); *Midella Enters., Inc. v. Missouri State Highway Comm'n*, 570 S.W.2d 298, 301 (Mo.App.1978). Stipulating that the Board correctly followed the MAPA when it promulgated rules is an issue of law. Because the parties inappropriately stipulated to matters of law, the trial court was free to disregard the stipulations and make a conclusion of its own. So, too, this court disregards the stipulations made here.

■ Independent of the stipulations, the Board argues that the trial court erred in finding that the Board violated § 536.021.2 of MAPA.[8] The Board contends that it complied with that section because it "incorporated by reference" the proposed fee increase pursuant to the second sentence of § 536.021.2(3). The first sentence of that subsection requires the agency to give notice of the entire text of a proposed rule unless the material is so extensive as to be unduly cumbersome. § 536.021.2(3). The second sentence allows incorporation by reference so long as the material incorporated is made available at the headquarters of the state agency. *Id.*

"The very purpose of the notice procedure for a proposed rule is to allow opportunity for comment by supporters or opponents of the measure, and so to induce a modification.... To neglect the notice...undermines the integrity of the procedure." *St. Louis Christian Home v.*

8. The text of § 536.021.2 RSMo. Cum.Supp. 1999 follows:

A notice of proposed rulemaking shall contain:
(1) An explanation of any proposed rule or any change in an existing rule, and the reasons therefor;
(2) The legal authority upon which the proposed rule is based;
(3) The text of the entire proposed rule or the entire text of any affected section or subsection of an existing rule which is proposed to be amended, with all new matter underlined or printed in boldface type and with all deleted matter placed in brackets, except that when a proposed rule consists of material so extensive that the publication thereof would be unduly cumbersome or expensive, the secretary of state need publish only a summary and description of the substance of the proposed rule so long as a complete copy of the rule is made immediately available to any interested person upon application to the adopting state agency at a cost not to exceed the actual cost of reproduction. A proposed rule may incorporate by reference only if the material so incorporated is retained at the headquarters of the state agency and made available to any interested person at a cost not to exceed the actual cost of the reproduction of a copy. When a proposed amendment to an existing rule is to correct a typographical or printing error, or merely to make a technical change not affecting substantive matters, the amendment may be described in general terms without reprinting the entire existing rule, section or subsection... (Emphasis added.)

*Missouri Comm'n on Human Rights*, 634 S.W.2d 508, 515 (Mo.App.1982); *NME Hospitals, Inc. v. Department of Social Services*, 850 S.W.2d 71, 74 (Mo. banc 1993).

■■■ The Board incorrectly argues that a proposed rule *may* be incorporated by reference. The statute, however, states that a rule may incorporate material by reference-*not* that all of the material may be incorporated by reference. § 536.021.2. In addition to prescribing the method of applying for a license, the crux of the Board's 1994 rule is that it will establish license fees. § 10–2.040(1). There is no material to incorporate by reference; a license fee is a rule [9] and it should have been published. By posting the license fees at the agency's office instead of following proper notice requirements, the Board defeated the purpose and the spirit of MAPA. Thus, the Board failed to comply with the notice and comment procedures laid out in § 536.021. A rule adopted in violation of § 536.021 is void. *NME*

*Hospitals*, 850 S.W.2d at 74. This point is denied.

**B. The trial court did not err in awarding retroactive damages.**

On the issue of whether the circuit court had jurisdiction to award retroactive damages, the parties spend a great deal of their argument on whether the agency action at hand was a rule or a decision. The Board argues that the agency action should be considered a decision that enforced the rule it promulgated. Thus, the Board argues either that § 536.050.1 does not apply and the Investigators should have exhausted their administrative remedies, or alternatively that the trial court was only able to award prospective relief because the challenge is to the validity of a rule. Because of a 1996 amendment to § 536.050 [10] and because of a 1997 case from the Supreme Court of Missouri (discussed below), any question of whether the agency action here was a rule or a decision is now rendered insignificant.

**9.** As the trial court noted, not only does a license fee meet the general definition of a rule under MAPA, but the term is also expressly excluded from MAPA's list of items that do not constitute a rule. Section 536.010 of MAPA defines "rule" as:

[E]ach agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency. The term includes the amendment or repeal of an existing rule, but does not include:

(g) A specification of the prices to be charged for goods or services sold by an agency **as distinguished from a license fee, or other fees.** (Emphasis added.)

**10.** Below is the full text of §§ 536.050.1 and 536.050.2 RSMo. Cum.Supp.1999:

1. The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of such suits against agencies shall, at the option of the plaintiff, be in the circuit court of Cole County, or in the county of the plaintiff's residence, or if the plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. Nothing herein contained shall be construed as a limitation on the declaratory or other relief which the courts might grant in the absence of this section.

2. Any person bringing an action under subsection 1 of this section shall not be required to exhaust any administrative remedy if the court determines that:

(1) The administrative agency has no authority to grant the relief sought or the administrative remedy is otherwise inadequate; or

(2) The only issue presented for adjudication is a constitutional issue or other question of law; or

(3) Requiring the person to exhaust any administrative remedy would result in undue prejudice because the person may suffer irreparable harm if unable to secure immediate judicial consideration of the claim. Provided, however, that the provisions of this subsection shall not apply to any matter covered by chapters 288, 302, and 303, RSMo.

■ In arguing that the court cannot award retroactive damages, the Board relies on § 536.050.1 and *State ex rel Goldberg v. Darnold*, 604 S.W.2d 826, 832 (Mo.App.1980). In *Goldberg*, the trial court was limited to a declaration of the validity of a rule adopted by the Department of Revenue, which would only have a prospective effect. *Id.* Retroactive damages were not permitted. *Id.* As such, the Board argues that in the instant case the trial court had no jurisdiction to award a refund in fees.

But when *Goldberg* was decided in 1980, § 536.050.1 vested jurisdiction in the circuit courts to determine the "validity of rules, or of threatened applications thereof", and § 536.050.2 vested jurisdiction in the Administrative Hearing Commission (AHC) to determine the validity of rules and other agency actions.[11] Because of that rubric, under *Goldberg* anyone affected by an agency decision was required to exhaust his or her administrative remedies or seek merely a declaratory judgment on the validity of a rule from the circuit court. What the Board fails to note is that the General Assembly divested jurisdiction from the AHC to declare the validity of rules when § 536.050.2 was repealed and replaced in 1996.[12] Thus, for a determina-

tion of the validity of the license fees, the Investigators properly brought their action in the circuit court.

■ Because jurisdiction was only proper with the circuit court, whether the administrative action is categorized as a rule or an adjudication is irrelevant. The requirement of exhausting administrative remedies set out in § 536.050.2 Cum.Supp. 1999 is equally irrelevant because the only appropriate arena in which to bring a declaratory action on the validity of a rule is with the circuit court.[13] Moreover, where jurisdiction is proper for declaratory relief, a claim for damages under § 536.050 is appropriate. *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258, 261 (Mo. banc 1997).

■ *Riordan* involved the Board of the Police Retirement System of St. Louis, and the Board of Police Commissioners of Metropolitan St. Louis. In that case, the Retirement Board sought a declaratory judgment regarding a rule promulgated in 1993 and sought damages related to a travel reimbursement incurred pursuant to that rule. *Id.* at 259, 261. Relevant to this appeal, the Supreme Court of Missouri held that § 536.050 applied to the

11. The text of § 536.050.1 was the same as it is today. See *supra* note 10. Until 1996, § 536.050.2 read as follows: The validity or applicability of any *rule*, regulation, resolution, announced policy, applied policy, or any similar official or unofficial interpretation or implementation of state agency authority, other than in a contested case or in a law enforcement proceeding, may be determined in an action to be brought by the filing of a written complaint with the administrative hearing commission by any interested person, or duly constituted entity, who is affected by such interpretation or implementation in a manner or to a degree distinct and different from other members of the general public. The complaint shall set forth the manner or degree in which the agency action or position affects the complainant, and the reasons for believing such action or position to be invalid or inapplicable to the complainant. (Emphasis added.) As noted *infra*, this version of § 536.050.2 was repealed and replaced in 1996.

12. The repeal was presumably a reaction to a Supreme Court of Missouri case which declared § 536.050.2 (before the 1996 amendment) unconstitutional. See *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d 69 (Mo. banc 1982).

13. In so holding, this court urges the General Assembly to revisit §§ 536.050.1 and 536.050.2. Section 536.050.1 was considered an exception to the requirement of exhaustion of administrative remedies. ("If an action involves an agency rule, the exhaustion of administrative remedies does not apply" *Missouri Health Care Ass'n v. Missouri Dep't of Social Servs.*, 851 S.W.2d 567, 569 (Mo.App. 1993).) As such, the enactment of § 536 .050.2 requiring exhaustion of the exception to exhaustion is puzzling. Moreover, this court urges the legislature to review § 536.050 in the context of the recent *Dierker* decision, *infra*, as well as the *Goldberg* framework.

action for damages in addition to the declaratory judgment regarding the validity of a rule. Because § 536.050 is equally applicable to the case at hand, damages are permitted under *Riordan*.[14] This court is constitutionally bound to follow precedent set forth by the most recent Supreme Court of Missouri decision. *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo.App.1998). This point is denied.

## C. Investigators' attorneys fees.

Investigators have filed a motion for attorneys fees. The case is remanded to the trial court solely for the purpose of ruling on Investigators' motion for attorneys fees pursuant to § 536.050.3.

## Conclusion

The judgment of the trial court is affirmed. The case is remanded to the trial court for the sole purpose of ruling on Investigators' motion for attorneys fees. Costs to be divided equally among the parties.

---

**14.** *See* Alfred S. Neely, *20 Missouri Practice, Administrative Practice and Procedure,* § 7.20 (2d ed. Supp.2000).