Honorable Mike Rich Mayor 102 South Holden Street Warrensburg, MO 64093
Dear Mayor Rich:
You have submitted a request to this office pursuant to Section610.027.5, RSMo,[1] for an opinion regarding the relationship between the provisions of Chapter 610, RSMo, the Sunshine Law, and those in Chapter 211, RSMo, dealing with disclosure of information regarding juveniles. In particular, you have asked how a municipality should treat requests for disclosure of arrest reports and incident reports which contain identifiable information about juveniles. The reports may involve the juveniles as the offenders or as the victims in abuse or neglect matters. To answer your request, we must analyze provisions of two different areas of the law and try to harmonize them if at all possible. State ex rel. R. Newton McDowell, Inc. v. Smith, 67 S.W.2d 50
(Mo.banc 1933). For purposes of this opinion, we are limiting our response to records from juvenile court proceedings.
Section 610.011, RSMo, requires that the provisions be interpreted broadly in favor of disclosure. Courts have recognized that the public policy of this state is for openness of government records if at all possible. North Kansas City Hospital Board of Trustees v. St. Luke'sNorthland Hospital, 984 S.W.2d 113 (Mo.Ct.App. 1998). Exceptions to disclosure are to be narrowly construed. News-Press and Gazette Co. v.Cathcart, 974 S.W.2d 576 (Mo.Ct.App. 1998).
Section 610.021 provides enumerated exceptions to disclosure. Subsection (14) provides that one of those exceptions are "[r]ecords which are protected from disclosure by law." We must look to the provisions in Chapter 211 to determine whether such an exception exists regarding the type of information about which you have inquired.
Section 211.321 provides that records of juvenile court proceedings, including information obtained and social records prepared for the court, are not open to the general public, and then enumerates a variety of exceptions to that general proposition. Exceptions to general propositions in statutes must be strictly construed. Bartley v. SpecialSchool District, 649 S.W.2d 864 (Mo.banc 1983). We have identified six exceptions to the general proposition as set forth in subparts of Section211.321. Those exceptions are as follows:
 1) The juvenile court can order records available to "persons having a legitimate interest."
 2) If the child is charged with an offense which, if committed by an adult, would be a class A felony or commits capital murder, first degree murder, or second degree murder.
 3) When a pre-sentence report has to be prepared pursuant to Section 557.026, a list of certain violations that occurred as a juvenile shall be provided, with the violations limited to rape, sodomy, murder, kidnapping, robbery, arson, burglary, or any acts involving the rendering or threat of serious bodily harm.
 4) A juvenile officer may provide information to the victim, witnesses, officials at the child's school, law enforcement officials, prosecuting attorneys, anyone having or proposing to have legal or actual care, custody, or control of the child; or anyone providing or proposing to provide treatment to the child.
 5) Information may be provided to persons or organizations authorized to compile statistics relating to juveniles, with the juvenile court required to establish procedures to protect the confidentiality of the children's names and identities.
 6) General information regarding the disposition of the case may be provided the victim or the victim's immediate family.
As stated above, the provisions in Chapter 610, RSMo, dealing with arrest records, incident reports, and investigative reports are to be interpreted in favor of disclosure. The provisions in Chapter 211, RSMo, favor protecting the identity of juveniles. Accordingly, we must try and harmonize these provisions and give meaning to both statutes.State ex rel. Riordan v. Dierker, 956 S.W.2d 258 (Mo.banc 1997).
When responding to a request for disclosure of a record involving a juvenile, the law enforcement agency must decide if the record itself is subject to disclosure. For instance, if the investigation is active, the investigative record is a closed record. See Section 610.100.2, RSMo 2000. On the other hand, if the record is an open record, then all identifying information regarding juveniles must be redacted, unless one of the aforementioned exceptions of Section 211.321 is met. Once all the identifying information is redacted, the provisions of Chapter 211, RSMo, no longer prohibit the release of the report. Such identifying information would not just be names, but, in some instances, may include addresses, phone numbers, license plate numbers, physical descriptions, make and model of cars, names of family members, and other similar attributes. It must be remembered that one of the purposes of Section610.100 is to keep police accountable by imposing record keeping and reporting obligations.
The legislature has delineated with specificity the occasions when juvenile court proceedings and records prepared for the court can be made available and to whom. The primary purpose of statutory construction is to effectuate the legislature's intent. U.S. v. N.E. Rosenblum TruckLines, 315 U.S. 50 (1942). The legislature intended to protect the confidentiality of juveniles who appeared before the juvenile court. The legislature also recognized in enacting the Sunshine Law that other provisions of law may prevent disclosure of some information. Section610.021(14).
When the juvenile court is involved, records that identify the juvenile generally are not subject to disclosure. This is particularly true when the court is protecting the juvenile, such as in the proceedings to protect the child from neglectful or abusive parents or guardians set forth in Section 211.031.1(1)(a) and (b). Therefore, to the extent that your question deals with the access to records involving juveniles in juvenile court proceedings, all identifiable information regarding the juvenile must be kept confidential, except to the extent described earlier in this opinion.
 CONCLUSION
All identifiable information regarding a juvenile in records of a juvenile court proceeding must be kept confidential unless the specific instances set forth in Section 211.321 are met.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Unless otherwise noted, all statutory references are to RSMo 2000.