Honorable Matt Bartle State Senator, District 8 State Capitol Building, Room 434 Jefferson City, MO 65101
Dear Senator Bartle:
You have requested an opinion on the interpretation of Section 115.127.5, RSMo. Supp. 2003. Specifically, you ask:
 Does 115.127.5 RSMo establish an opening date for filing the 15th Tuesday prior to the election for all political subdivisions and special districts having any portion of their territory lying within the city limits of Kansas City?
Your request indicates that this question is of special interest to school districts. We assume your question applies only to districts which do not provide an opening date by law or charter, as Section 115.127.5 allows a different opening date to be set by law or charter.
Section 115.127.5 was amended in 2003 to change the opening date for filing a declaration of candidacy from the fifteenth Tuesday prior to the election to the sixteenth Tuesday prior to the election. See Conference Committee Substitute for Senate Substitute for Senate Committee Substitute for House Substitute for House Bill 511, 92nd General Assembly, First Regular Session (2003) ("HB 511"). However, an exception exists for a "home rule city with more than four hundred thousand inhabitants and located in more than one county and any political subdivision or special district located in such city[.]" See Section 115.127.5, RSMo Supp. 2003; HB 511. This exception, which applies to Kansas City,[1] establishes an opening date of the fifteenth Tuesday before the election. Therefore, unless otherwise provided by law or charter, districts located in Kansas City have an opening date of the fifteenth Tuesday prior to the election.
School districts are included in the definition of "special district" in Section 115.013(26), RSMo Supp. 2002. Therefore, the only question is whether a special district or political subdivision with boundaries located both inside and outside of the Kansas City city limits is "located in such city" within the meaning of Section 115.127.5, RSMo Supp. 2003.
The main purpose in interpreting a statute is to determine — and carry out — the intent of the legislature. State ex rel. Riordanv. Dierker, 956 S.W.2d 258, 260 (Mo.banc 1997). In the absence of a statutory definition, we assign words their plain and ordinary meanings.Id. When the legislature's intent cannot be determined by giving statutory terms their ordinary meaning, we apply rules of construction.Bosworth v. Sewell, 918 S.W.2d 773, 777 (Mo.banc 1996). In determining whether to apply a word's plain meaning, we "construe a statute in light of the purposes the legislature intended to accomplish and the evils it intended to cure." Appleby v. Dir. of Revenue, 851 S.W.2d 540, 541
(Mo.App.W.D. 1993) (citing Gannett Outdoor Co. of Kansas City v. MissouriHighway and Transp. Comm'n, 710 S.W.2d 504, 506 (Mo.App.W.D. 1986)).
To apply these principles to our issue, we first must examine the statutorily defined or ordinary and usual meaning of the relevant terms. "When a word used in a statute is not defined therein, it is appropriate to derive its plain and ordinary meaning from a dictionary." Preston v.State, 33 S.W.3d 574, 578 (Mo.App.W.D. 2000) (citing Am. HealthcareMgmt., Inc. v. Dir. of Revenue, 984 S.W.2d 496, 498 (Mo.banc 1999)). The term "located" is not defined, nor is the term "special district" defined further in Section 115.013(8), RSMo Supp. 2002, in a pertinent respect. "Locate" means "to determine or indicate the place of: define the site or limits of." Webster's Third New International Dictionary 1327 (7th ed. 1993). In addition, a "district," by its nature, is characterized by an area within a set of territorial boundaries, not by a particular site. See Webster's Third New International Dictionary 660 (7th ed. 1993) (defining "district" as "a territorial division . . . marked off or defined for administrative, electoral, judicial, or other purposes"). Similarly, a political subdivision is defined by the relevant statute in a way that includes an entire legal entity, not merely a particular site. Section 115.013(19), RSMo Supp. 2002 (defining "political subdivision" as "a county, city, town, village, or township of a township organization county").
Applying these meanings, a special district or political subdivision that has part of its boundaries within the city limits of Kansas City is "located" in that city because the limits of the area or territory marked off by its boundaries are defined to be within Kansas City. Thus, such a special district or political subdivision would be subject to the exception requiring an opening filing date of the fifteenth Tuesday before election day.
In addition, there is no indication that applying the term "located" so as either to include or exclude overlapping districts would be unreasonable in these circumstances or would be in conflict with any other provisions of the statute. Indeed, adopting conclusions different from the one we reach here would be problematic. Interpreting the statute to exclude a district or subdivision from the exemption if any part of its boundaries fell outside Kansas City could lead to the anomalous result of excluding a district that was almost entirely within Kansas City, a result that would seem contrary to the legislature's intent in amending the statute. Interpreting the statute to call for a more nuanced determination of a district's or subdivision's location would raise issues for which there is no legislative guidance, such as determining how much or what parts of a district's or subdivision's territory must fall within Kansas City before it is covered by the exception.
In sum, the legislature wanted to make an exception for Kansas City districts and subdivisions. In doing so, it used language that, by its ordinary meaning encompasses a district or subdivision if it has a portion of its boundaries in Kansas City. Under principles of statutory interpretation, we see no basis to conclude that this was not the legislature's intent.
 CONCLUSION
The exception in Section 115.127.5, RSMo. Supp. 2003, requiring a special district or political subdivision "located" in a home rule city with more than four hundred thousand inhabitants to have an opening filing date of the fifteenth day before an election applies to any special district or political subdivision, including a school district, which has any part of its boundaries within the city limits of Kansas City, Missouri.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] See Official Manual, State of Missouri, 2003-2004 at 843.