The Honorable Scott A. Lipke Representative, District 157 State Capital Building Jefferson City, MO 65101
Dear Representative Lipke:
You have asked our office for an opinion concerning the meaning of the phrase "same rate of taxation" contained in the library district consolidation statute, Section 182.610, RSMo 2000. Your opinion request states that three county library districts may want to consolidate into one library district. Your request indicates that the three districts originally had the same rate of taxation as one another, when the rates were approved by voters several years ago, but they now have three different rates of taxation because they have experienced different levels of downward adjustments to their tax rate ceilings pursuant to Section 137.073, RSMo 2000.
Section 137.073, RSMo 2000, sets out the procedure for setting the "tax rate ceiling" of a political subdivision each year based on changes in assessed valuations of property. Stated generally, those procedures require a political subdivision to reduce a tax rate in a year where assessed valuation of existing property increases at a pace greater than the general rate of inflation. See Section 137.073.2
Your question focuses on the interpretation of Section 182.610, RSMo 2000, which states in relevant part: "Two or more county library districts having the same rate of taxation on assessed valuation of taxable property within each district may join in creating a consolidated public library district, . . . ." Thus the issue presented by your opinion request can be stated as follows: Does the phrase "same rate of taxation" mean the tax rate that was originally voted on by the voters several years ago or does it mean the current rates of taxation in each of the library districts, which reflect the annual adjustments pursuant to Section 137.073, RSMo 2000, to account for changes in property assessments?
In interpreting statutes, the purpose is to ascertain the intent of the legislature. State ex rel. Riordan v. Dierker, 956 S.W.2d 258, 260
(Mo.banc 1997). In doing so, we look to the language used, giving it its plain and ordinary meaning. Id. The plain and ordinary meaning of "same rate of taxation," indicates that the term would mean having the same rate of taxation at the current time, not at a time in the past. Thus, a plain language reading of the phrase "same rate of taxation" indicates it means having the same rate of taxation currently, after the tax rate ceilings have been adjusted under Section 137.073, RSMo 2000, rather than meaning the same rate of taxation as originally voted on several years ago.
In addition, interpreting the phrase "same rate of taxation" in Section182.610, RSMo 2000, to mean the current, actual rate of taxation avoids irreconcilable problems of construction. If all districts to be consolidated have the same current tax rate, it is apparent that the newly created, consolidated district would share that same rate. But if the districts have different current rates, then there would be no statutory basis or guidance for choosing which rate would apply in the consolidated district. It would not be appropriate to choose the previously shared common rate — the rate approved by voters several years ago — because doing so would mean an increase in the rate above the tax rate ceiling for voters in any of the districts that had experienced downward adjustments in that rate pursuant to the provisions of Section 137.073, RSMo 2000. Section 137.073 is worded to prevent voters from being subject to a tax rate above the tax rate ceiling established by that statute without a vote approving the increase. Choosing the lowest rate currently in force in any of the consolidating districts would avoid that problem, but again, nothing in Section 182.610
provides any basis or guidance for making that choice.
Nothing in this opinion is meant to indicate that library districts are not able to consolidate under Section 182.610, RSMo 2000, if they take appropriate measures to do so. Library districts that propose to consolidate may take steps to alter their tax rates, including submitting tax measures to voters if necessary, so that the tax rates would be the same in all of the districts at the time that they proposed to consolidate.
 CONCLUSION
The "same rate of taxation" in Section 182.610, RSMo 2000, refers to the current rate of taxation actually in effect for each county library district that proposes to consolidate. Therefore, to consolidate pursuant to that statute, the county library districts must have the same current tax rate in effect. It is not sufficient that the districts previously had the same rate approved by voters in the past.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General