Lacy **GORMAN** and Sally Gorman, Appellants,

v.

**STATE HIGHWAY COMMISSION of Missouri, Respondent.**

No. KCD 28310.

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

Charles F. DuFour, Carter & Becker, P. C., Clayton, for appellants.

Bruce A. Ring, John W. Maupin, State Highway Commission, Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

This appeal comes from a judgment adverse to the Gormans on their petition to declare that the State Highway Commission abandoned a strip of land which abuts on frontage owned by the Gormans and to quiet title to that real estate in them.

The appeal argues that as a matter of law clear and cogent evidence proved nonuser and abandonment of Old Oliver Street Road and consequent reversion of title to the Gormans. We do not reach the merits. An antecedent question of jurisdiction, unnoticed by the parties, determines this appeal.

■ The land which the Gormans seek to have adjudged their estate—Old Olive Street Road—lies in St. Louis County. The action to declare and quiet title of the abandoned street in the Gormans was brought in Cole County. It is the express provision of § 508.030, RSMo 1969, that:

Suits for the possession of real estate, or whereby the title thereto may be affected, . . . shall be brought in the county where such real estate, or some part thereof, is situated.

The venue which this statute defines for actions which affect title to real estate is mandatory and cannot be waived. *Sisk v. Molinaro*, 376 S.W.2d 175, 177[1] (Mo.1964).

■ A suit to quiet title is a special statutory action which adjudges the respective estates, titles and interests of the several claimants. *La Presto v. La Presto*, 308 S.W.2d 724, 726[1] (Mo.1957). The appellants Gorman seek to divest title to Old Olive Street Road out of the State Highway Commission and into themselves. Such a suit directly affects title to real estate within § 508.030 and falls for determination to the exclusive jurisdiction of the court of the county where the land lies. *State ex rel. Gavin v. Muench*, 225 Mo. 210, 124 S.W. 1124 (banc 1910). That is to say, § 508.030 not only precludes other venue for such actions but vests jurisdiction of the subject matter in that venue alone.

■ A lack of jurisdiction over the subject matter may not be waived, and though not raised by a party, may be examined on the mere motion of the court. *Huffman v. Department of Revenue*, 523 S.W.2d 107, 108[1] (Mo.App.1975).

■ We find that § 226.100 domiciles the State Highway Commission in Jefferson City. That statute is said to fix venue for actions against the Commission in Jefferson City. *State ex rel. State Highway Commission v. Bates*, 317 Mo. 696, 296 S.W. 418, 423[9, 10] (banc 1927). That rule has exceptions. Thus, an action against the Commission for the inverse condemnation of land— as for a formal taking—is brought not in Cole County, but in the county where all or part of the land lies. That special venue is accorded to such proceedings by Chapter 523. *State ex rel. State Highway Commission v. Swink*, 537 S.W.2d 556, 562 (Mo. banc 1976).

It is evident that § 226.100 which fixes venue in Cole County for suit against the Commission means to serve the convenience of a busy public body which pervasive activities throughout the state. The venue requirements of § 508.030, however, affect more than convenience. They define jurisdiction and so admit of no exceptions. *State ex rel. Gavin v. Muench, supra*; *Sisk v. Molinaro, supra*, l. c. 177[2].

The judgment is reversed and remanded with directions that the petition be dismissed without prejudice.

All concur.