Theresa M. **LOCHHAAS,**
et al., **Respondents,**

v.

Joseph W. **BURNETT, Appellant.**

No. **ED 79888.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 2002.

Timothy A. Graham, Edwardsville, IL, for Appellant.

Jody H. Wolff, St. Louis, MO, for Respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Appellant, Joseph W. Burnett, appeals from the judgment of the trial court in an action for paternity, child custody, and

partition brought by respondents, Theresa M. Lochhaas, et al. We affirm.

The evidence established that Joseph W. Burnett (hereinafter Burnett) lived with respondent, Susan Lochhaas (hereinafter Lochhaas), without benefit of marriage from 1986 until they separated in July 1998. Three children were born during that time. Lochhaas stopped working when the first child was born and stayed at home to care for the children. Burnett agreed that she should not be employed outside of the home, partly because he did not want to help with the children. Lochhaas was very active in the children's lives; Burnett was not.

Lochhaas also was in charge of the family finances and paid the bills. Prior to separating, Lochhaas divided the bank accounts between her and Burnett and put money into three certificates of deposit, one in each of the children's names. Lochhaas returned to work when the youngest child started school in September 1998.

Burnett was employed as a carpenter and performed jobs on the side as well. He owned real estate, titled in his own name, when the parties began cohabiting. Throughout the course of their relationship, he sold that real estate and purchased other property. In 1983, he purchased in his own name real estate located on Old Lemay Ferry Road, in Jefferson County, Missouri (hereinafter Jefferson County property). In 1989, Burnett paid off the loan on that property. In 1990, he conveyed the Jefferson County property into his and Lochhaas's joint names. In May 1991, he purchased property located on W. Pottle in St. Louis County, Missouri (hereinafter St. Louis County property) for $52,000.00. The down payment of $26,000.00 on that property came from a bank account in his and Lochhaas's joint names, although the source of the down payment was the proceeds from the sale of another property he owned in his name exclusively. From the time of purchase, the St. Louis County property was titled in his and Lochhaas's joint names. The note and deed of trust of $26,000.00 was paid off in 1997. After the separation, Lochhaas remained in the St. Louis County property with the three children and Burnett resided in the Jefferson County property.

The court entered judgment, *inter alia*, finding that Burnett was the father of the three children; awarding Lochhaas sole legal and physical custody of the children; ordering Burnett to pay child support of $930.00 per month; and awarding Lochhaas attorney's fees of $2,000.00. It also ordered the parcels of real estate in St. Louis County and in Jefferson County to be sold and the net proceeds of the sales divided equally between Burnett and Lochhaas. Burnett appeals from that judgment.

In his first point, Burnett challenges the court's jurisdiction to act in the partition action under section 210.817 et seq., the Uniform Parentage Act. He alleges that under section 528.040 RSMo 2000, venue for actions relating to real estate is in the county where such real estate is located; or if there are two parcels, where the larger is located, which Burnett alleges is in Jefferson County.

A proceeding in partition is strictly statutory. *Hughes v. Wilson*, 733 S.W.2d 36, 37 (Mo.App.1987). Chapter 528 deals with partition suits. Section 528.030 RSMo 2000 reads:

In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a peti-

tion in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests.

Section 528.040 requires a partition suit to be brought in the circuit court of the county where the land is located and reads in pertinent part:

> Such petition shall be filed in the circuit court of the county in which such lands, ... lie; but if the same shall lie in two or more counties, whether in detached parcels or otherwise, said petition shall be filed in the circuit court of the county in which any portion of such premises are situate, and a majority of the parties entitled thereto reside; and in case a majority of said parties do not reside in any such county, or all of them are nonresidents of the state, the proceedings for the partition shall be had in the circuit court of that county in which an equal or greater part of such premises may be.

■■■ Venue and jurisdiction are independent terms, having separate and distinct meanings. *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo. banc 1991). Venue means the place where the case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case. *Id.* A defendant may waive improper venue by failing to object thereto. Rule 55.27(g)(1). If he does not object to improper venue, or if he consents thereto, the court where the case is pending is not without power to act therein. Subject matter jurisdiction, on the other hand, may not be waived or agreed to. Rule 55.27(g)(3).

■■■ Section 528.040 is a venue statute. Assuming, without deciding, that venue for the case was properly in Jefferson County because the larger of the two properties was situated there, Burnett nevertheless waived improper venue. He did not raise the issue of improper venue in the court below on the basis of the size and location of the respective pieces of property. In his amended answer and counterclaim, he only challenged the court's authority to address the partition in a paternity action. In addition, in his counterclaim, he specifically sought partition of both parcels of property. Neither parties' pleadings contained a legal description or identified the size of the respective parcels of real estate. If venue was improper, Burnett waived it.

Relying on *Gorman v. State Highway Comm'n*, 552 S.W.2d 335 (Mo.App.1977), Burnett contends that he cannot waive venue in this type of action. In *Gorman*, the plaintiffs sought to quiet title to an abandoned strip of land located in St. Louis County. *Id.* at 336. They brought the action in Cole County. *Id.* The appellate court found that the action should have been brought in St. Louis County, where the land was situated. *Id.* The court considered section 508.030 RSMo 1969, which stated that "[s]uits for the possession of real estate, or whereby title thereto may be affected, ... shall be brought in the county where such real estate, or some part thereof, is situated." *Id.* The court concluded that section 508.030 not only precluded other venue for such actions, but vested jurisdiction of the subject matter in that venue alone. *Id.* The court also said that the venue defined by the statute affected title to real estate and was mandatory and could not be waived. *Id.* The court noted that lack of

subject matter jurisdiction may not be waived. *Id.*

*Gorman,* however, is distinguishable from the case before us. First, *Gorman* involved a different statute from the one before us. Section 508.030 is the general venue statute for actions affecting title to real estate, while section 528.040 is a specific venue statute for partition actions. In the instant action, the question is not who owns the property, the question is how the property should be partitioned between the record owners.

 Second, *Gorman* was decided before the adoption of section 476.410 RSMo 2000 and the amendment to section 506.110.1 RSMo 2000. Pursuant to those statutes, when venue is improper the trial court has the authority to transfer a case to the proper venue. Thus, improper venue no longer divests the court of jurisdiction. *Pataky v. Missouri Highway and Transp. Comm'n,* 891 S.W.2d 457, 461 (Mo.App. W.D.1994). And those statutes do not apply where venue has been properly waived. *See State ex rel. Brockfeld v. Provaznik,* 812 S.W.2d 568, 569 (Mo.App. E.D.1991).

 Further, *Gorman* does not necessarily preclude the present case from being brought in St. Louis County. If we accept Burnett's contention that partition falls within the category of property covered by section 508.030, that statute states that an action affecting title must be brought in the "county where such real estate, or *some part thereof,* is situated." (Emphasis added). Here, "some part" of the real estate[1] was situated in St. Louis County, where Lochhaas brought the action. If section 508.030 is a statute pertaining to jurisdiction, as Burnett contends, then even under that statute the court had jurisdiction to act in the present case; and if venue was improper, it was waived by Burnett.

Burnett's contention that the trial court erred in asserting jurisdiction over the partition action on the basis of section 210.817, et seq., the Uniform Parentage Act (hereinafter Act), is without merit. The record is not clear that the court did in fact base its jurisdiction on the Act. The court merely stated that it had jurisdiction under the Act "in this matter." The "matter" involved not only partition, which was not governed by the Act; but also paternity and child support, jurisdiction over which was governed by the Act. Thus, we cannot say that the court intended jurisdiction for the partition action to be established by the Act, or if the court merely referred to the other counts as being encompassed within the Act.

The trial court did not err in hearing the partition action in St. Louis County. Burnett's first point is denied.

In his remaining points, Burnett charges error in the trial court's ordering the properties to be sold through a real estate agent (Point II); in its ordering the sales proceeds to be divided equally between the parties (Point III); in its ordering the properties to be sold when the pleadings failed to include a legal description (Point IV); and in awarding Lochhaas attorney's fees (Point V). We have reviewed these claims and find that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears.

---

1. The term "real estate" can be construed broadly enough to include several distinct parcels of land, as well as one entire tract. *See Murphy v. Superior Court of Los Angeles County,* 138 Cal. 69, 70 P. 1070 (1902) (when tenants in common own real property consisting of several distinct parcels situated in different counties, partition of all of them can be determined in one action).

These points are denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J.: Concur.