CONTROL TECHNOLOGY AND SOLUTIONS, Plaintiff/Appellant,

v.

MALDEN R–1 SCHOOL DISTRICT, Defendant/Respondent.

No. ED 85796.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 4, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 2005.

Application for Transfer Denied
Jan. 31, 2006.

Gerard F. Hempstead, Joseph Charles Blanner—co-counsel, Clayton, MO, for Appellant.

Mark B. Leadlove, Veryl L. Riddle—co-counsel, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Control Technology and Solutions (CTS) appeals from the trial court's order dismissing its lawsuit for breach of contract against Malden R–1 School District (Malden) for improper venue. We reverse and remand for further proceedings.

*Factual and Procedural Background*

CTS is a Missouri corporation with its principal place of business in St. Louis County. Malden is a school district located in Dunklin County. On February 11, 2004, CTS and Malden entered into a contract (the Contract) whereby CTS agreed to provide certain work, labor and material in connection with certain improvements to Malden's high school and one of its elementary schools. On October 27, CTS filed a petition for breach of contract in St. Louis County against Malden under Section 70.320.[1] CTS alleges in its petition that Malden breached the Contract by refusing to pay CTS $720,153.00 due and owing for work, labor and materials provided by CTS.

On November 19, Malden filed a motion to dismiss or transfer venue, in which it argued that venue was improper in St. Louis County pursuant to Section 508.050. CTS filed a memorandum in opposition. After a hearing, the trial court ruled that venue was improper under Section 70.320, and that pursuant to Section 508.050, CTS's action could only proceed in the county in which Malden is located, or namely, Dunklin County. CTS appeals.

*Point Relied On*

CTS argues that the trial court erred in determining that as a matter of law venue for CTS's breach of contract action against Malden was improper in St. Louis County because Section 70.320 provides that suits affecting any of the terms of any contract with a political subdivision may be brought in the circuit court of the county in which any party to the contract resides, and a school district is a political subdivision under Missouri law and CTS resides in St. Louis County.

---

1. All statutory references are to RSMo 2004, unless otherwise indicated.

*Standard of Review*

Venue is determined solely by statute. *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002). Statutory construction is a question of law, not judicial discretion. *Delta Air Lines, Inc. v. Dir. of Revenue,* 908 S.W.2d 353, 355 (Mo.banc 1995). No deference is due to a trial court's judgment where resolution of the controversy is a question of law. *Harrison v. King,* 7 S.W.3d 558, 561 (Mo.App. E.D.1999).

*General Guidelines for Statutory Construction*

We must ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Div. of Emp. Sec. v. Taney County Dist. R–III,* 922 S.W.2d 391, 393 (Mo.banc 1996). Statutes which seemingly are in conflict should be harmonized so as to give meaning to both statute. *County of Jefferson v. Quiktrip Corp.,* 912 S.W.2d 487, 490 (Mo.banc 1995).

*Discussion*

The narrow issue presented for review is whether Section 508.050 or Section 70.320 provides venue for the contract dispute between CTS and Malden. Although this issue is couched as an either/or question, we note that the fact that venue is proper in one county does not mean that venue is improper in another. *State ex rel. Riordan v. Dierker,* 956 S.W.2d 258, 261 (Mo.banc 1997).

Section 508.050 is entitled "Suits against Municipal Corporations, where Commenced" and it provides that:

> Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated, or if the municipal corporation is situated in more than one county, then suits against the municipal corporation shall be commenced only in that county wherein the seat of government of the municipal corporation is situated; except that suits may be brought against a city containing more than four hundred thousand inhabitants in any county in which any part of the city is situated.

Section 508.050 is found under Title XXXV, Civil Procedure and Limitations, Chapter 508, Venue and Change of Venue.

Section 70.320 is entitled "Suits may be brought in circuit courts" and it provides that:

> Suits affecting any of the terms of any contract may be brought in the circuit court of the county in which any contracting municipality or political subdivision is located or in the circuit court of the county in which a party to the contract resides.

Section 70.320 is found under Title VI, County, Township and Political Subdivision Government, Chapter 70, Powers of Political Subdivisions to Cooperate or Contract with Governmental Units, Cooperation by Political Subdivisions under Contract.

Section 508.050 was enacted in 1939. At that time, municipal corporations did not have the power to contract with political subdivisions or private persons. In 1945, the General Assembly amended Missouri's Constitution by adding Section 16 of Article VI which gives municipal corporations the power to contract with others. In 1947, Article 70 of Missouri's Revised Statutes, including Section 70.320, was enacted as a general scheme of statutory sections establishing and governing municipal corporations' ability to contract with governmental entities and private persons, pursuant to

Section 16 of our Constitution.[2] Section 70.320 was enacted within that scheme to establish where venue would lie for disputes involving these newly created rights to contract between municipal corporations and others.

▬ Based on this history of the two venue statutes, we find that Section 70.320 is a more specific statute than Section 508.050 because it was enacted as part of a specific statutory scheme creating and governing a specific act, namely contracting, between specific parties, namely municipal corporations and governmental units as well as private persons. We consider a statute in the context of the entire statutory scheme on the same subject in order to determine legislative intent. *Benoit v. Missouri Highway and Transp. Comm'n*, 33 S.W.3d 663, 673–674 (Mo.App. S.D.2000). Section 70.320 was also enacted eight years after Section 508.050. A chronologically later statute, which functions in a particular way will prevail over an earlier statute of a more general nature, and the latter statute will be regarded as an exception to or qualification of the earlier general statute. *Lett v. City of St. Louis*, 948 S.W.2d 614, 619 (Mo.App. E.D. 1996). Furthermore, we presume the legislature acts with the knowledge of statutes involving similar or related subject matters. *Allen v. Public Water Supply Dist. No. 5 of Jefferson County*, 7 S.W.3d 537, 540 (Mo.App. E.D.1999). Apparently, the General Assembly did not see any irreconcilable conflict between the two statutes.

▬ We note that repeal by implication can occur if a later-enacted statute is inconsistent and irreconcilable with an earlier-enacted statute. *Levinson v. State*, 104 S.W.3d 409, 412 (Mo.banc 2003). In that case, the later-enacted statute repeals the first statute to the extent of any conflict with the second. *Id.* We do not believe we have to go so far as to hold that Section 70.320 repeals by implication any conflict it has with Section 508.050. Rather, we find that they can be reasonably reconciled, in that Section 70.320 provides an alternative venue against municipal corporations when the lawsuit involves a dispute over a contract.

Malden emphasizes the use of the word "shall" in Section 508.050 to support its argument that only Section 508.050 applies in this case. However, our Supreme Court has found that the use of such a term does not necessarily preclude alternatives. *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258 (Mo.banc 1997) involved a declaratory judgment action against the Board of Police Commissioners. The action itself, a declaratory judgment, had its own venue statute. The defending party, the Board of Police Commissioners, had its own venue statute as well. The Court examined a conflict between the two venue statutes, and found that they could be harmonized, even though one used the word "shall." The following was said by the Court:

The Retirement Board argues that the Circuit Court of Cole County erred in transferring the action from Cole County to the City of St. Louis because venue was proper in Cole County.... The issue in this case is whether Sec. 84.015 provides exclusive venue in the City of St. Louis. This section provides, "Venue for any civil action involving the board of police commissioners ... shall be appropriate in the [City of St. Louis]." The Retirement Board in-

---

**2.** This Act was found to be constitutional in *St. Louis Housing Authority v. City of St. Louis*, 361 Mo. 1170, 239 S.W.2d 289, 293 (1951) ("That 1947 Act is a specific authoriza- tion of cooperation (under a constitutional mandate and for a salutary purpose) and was within power granted to the General Assembly in Section 16 of Article VI").

terprets Sec. 84.015 as providing an alternative venue, not exclusive venue, in the City of St. Louis.

To interpret Sec. 84.015, this Court must ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Section 84.015 does not use the word "exclusive" or any synonym thereof. It states only that venue "shall be appropriate" in the City of St. Louis. This section by its terms provides for venue in the City of St. Louis, but places no limits on venue in other jurisdictions.

The Retirement Board correctly points out that venue is also appropriate in Cole County under Sec. 536.050.1. This subsection establishes venue for declaratory judgment actions respecting the validity of rules:

> The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of such suits against agencies shall, at the option of the plaintiff, be in the circuit court of Cole County, or in the county of the plaintiff's residence, or if the plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. Nothing herein contained shall be construed as a limitation on the declaratory or other relief which the courts might grant in the absence of this section.

Statutes which seemingly are in conflict should be harmonized so as to give meaning to both statute. Here, the Court must harmonize one specific statute that allows suits challenging agency rules to be brought in Cole County, Sec. 536.050, and another specific statute that allows venue in the City of St. Louis, Sec. 84.015. That venue is proper in one county does not mean that venue is improper in another. Neither of these sections contain language indicating a legislative intent to provide a sole, exclusive venue. As such, these sections can be harmonized by interpreting them as providing alternative venues.

*Id.* at 260–261 (citations and quotations omitted).

Our Supreme Court's reasoning is equally applicable to the instant case, where we have one statute governing suits in general against specifically municipal corporations as defending parties, and one statute involving specifically contracts between municipal corporations and others. We believe these two statutes can be reconciled as providing alternative venues for suits against municipal corporations involving contracts.

We also note that if we held that Section 508.050 governed all cases against municipal corporations including ones involving contracts to the exclusion of Section 70.320, then Section 70.320, as it reads on its face, would be rendered meaningless. We presume the legislature does not enact meaningless provisions. *Allen,* 7 S.W.3d at 540.

For the foregoing reasons, CTS's point on appeal is granted. The judgment of the trial court is reversed. This cause is remanded for proceedings consistent with this opinion.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.