**Suren CHAGANTI, M.D.,
Plaintiff/Appellant,**

v.

**Thomas NOWOTNY, et. al,
Defendants/Respondents.**

**No. ED 87933.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 30, 2006.

Application for Transfer to Supreme Court
Denied July 18, 2006.

Application for Transfer Denied
Aug. 22, 2006.

Naren Chaganti, Town & Country, MO, for plaintiff/appellant.

Winthrop B. Reed, III, Saint Louis, MO, for Defendants/Respondents.

GLENN A. NORTON, C.J.

Suren Chaganti (Plaintiff) has filed an appeal from the order granting the Defendants' motion to transfer venue to St. Louis County. Because there is no final, appealable judgment, we dismiss the appeal.

Plaintiff filed a petition for damages in the City of St. Louis under the Missouri Human Rights Act against Thomas Nowotny, Thomas Rockers, David Haueisen, Roger Vardeleon, David Seifert, and St. Anthony's Medical Center (Defendants). Defendants filed a motion to transfer the case to St. Louis County, alleging that Plaintiff and all Defendants resided in St. Louis County and the all alleged wrongful acts occurred in St. Louis County. The trial court entered an order concluding that venue was not proper in the City of St. Louis and transferred the matter to St. Louis County. Plaintiff filed an appeal from this order to this Court.

Defendants have filed a motion to dismiss Plaintiff's appeal, contending there is no final, appealable judgment, because the trial court's order did not dispose of all issues and parties in the cause, it simply transferred the case to an appropriate venue. Plaintiff has filed suggestions in opposition, contending that after transferring venue to St. Louis County, nothing remains in the City of St. Louis to be determined and therefore, the order is final and appealable.

An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and that leave nothing for future determination. Rule 74.01(b); *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D.1993). An order granting a motion to transfer venue is not a final and appealable judgment, because the entire case remains pending and no claims or parties have been resolved. Any such decision is only reviewable by an extraordinary writ or after final judgment in the case. *See, e.g., State ex rel. Bugg v. Roper*, 179 S.W.3d 893, 894 (Mo. banc 2005) (extraordinary writ); *Montgomery v. South County Radiologists, Inc.*, 168 S.W.3d 685, 689 (Mo.App. E.D.2005) (after final judgment).

Plaintiff relies upon *Control Technology and Solutions v. Malden R–1 School Distr.*, 181 S.W.3d 80 (Mo.App. E.D.2005), for his contention that an order granting a motion to transfer venue is appealable. However, in that case, the trial court granted a motion to dismiss the plaintiff's petition for improper venue. *Id.* at 81. As such, the trial court did resolve all the claims and the case did not remain pending in any jurisdiction.

The Defendants' motion to dismiss is granted. The appeal is dismissed for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concurring.