**Patricia L. FERGUSON, Appellant,**

v.

**Leigh Joy CARSON and The Carson Law Firm, Respondents.**

No. ED 89871.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 16, 2007.

Patricia L. Ferguson, Imperial, MO, pro se.

Mary A. Johnson, St. Louis, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Patricia L. Ferguson (Appellant) appeals from a judgment granting the motion of Respondents Leigh Joy Carson and The Carson Law Firm to transfer venue in the case to St. Louis County. Because there is no final, appealable judgment, the appeal is dismissed.

■■■■ Appellant is attempting to appeal from a judgment in her case that does not finally resolve the underlying cause. Indeed, it is a ruling on a miscellaneous motion in her cause that does not even resolve one of her claims against Respondents. Except for limited circumstances, an appellate court only has jurisdiction over final judgments that dispose of all claims and all parties in a case and leave nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D. 1993). Moreover, for a judgment to be appealable, it must resolve at least one claim on the merits and cannot be a ruling on a miscellaneous issue that does not resolve even one claim. *See, Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Here, the trial court's judgment does not resolve any claims in the underlying cause, which is presumably pending in St. Louis County Circuit Court, where venue was transferred.

■■■■ We issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has filed a response. She asserts that this Court should grant an interlocutory appeal to review the issue of venue, because delaying review until the case is final would not promote the efficient use of judicial resources. This Court cannot create jurisdiction over a case where none exists. Our jurisdiction is explicitly set forth in section 512.020, RSMo Cum.Supp.2006, and it does not extend to Appellant's case where no final judgment has been entered. An order granting a motion to transfer venue is not a final and appealable judgment, because the entire case remains pending and no claims or parties have been resolved. *Chaganti v. Nowotny*, 196 S.W.3d 606, 607 (Mo.App. E.D.2006). Appellant's remedy for review of a change of venue prior to final judgment is through a petition for extraordinary writ. *See, State ex rel. Harness v. Grady*, 201 S.W.3d 48, 50 (Mo.App. E.D.2006). Otherwise, this judgment may only be reviewed after there is a final, appealable judgment. *See, Montgomery v. South County Radiologists, Inc.*, 168 S.W.3d 685, 689 (Mo.App. E.D.2005).

The appeal is dismissed for lack of an appealable judgment.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.