Joseph WILLIAMS, Appellant,

v.

**Colonel Jerry LEE and Colonel Ron Replogle, Respondents.**

No. SC 90988.

Supreme Court of Missouri,
En Banc.

Jan. 11, 2011.

Matthew A. Radefeld, Julie L. Brothers, Frank, Juengel & Radefeld PC, Clayton, for Williams.

Jeremiah J. Morgan, Deputy State Solicitor, Attorney General's Office, Jefferson City, Robert E. Fox Jr., Counselor's Office, Clayton, for the colonels.

PER CURIAM.[1]

### Overview

Joseph Williams pleaded guilty to two violations of the Code of Military Justice. Although not required to register under section 589.400 et seq., RSMo 2000, at the time he pleaded guilty, Williams later received a notice of a change in Missouri statutes that required registration. He registered, but filed suit to have the court declare that the change in the state law was not applicable to him. The trial court sustained a motion to dismiss the suit without specifying that the dismissal was with prejudice. Under Rule 67.03, such a dismissal is without prejudice. Under the facts of this case, the dismissal without prejudice is not appealable. The appeal is dismissed.

### Facts

In 2000, Williams pleaded guilty in a military tribunal to two specifications of violation of the Uniform Code of Military Justice. At the time he pleaded guilty, neither Missouri statute nor federal law required Williams to register.

In 2002, Missouri law was changed to include Williams in the class of offenders required to register. *See section 589.400.1(5)*, RSMo Supp.2002. Williams registered, but in 2009 filed this action seeking a declaratory judgment that he was not required to register and seeking expungement of records.

The defendants responded that Williams failed to state a claim as well as asserting other defenses. A motion to dismiss was filed. After consideration, the court sustained the motion to dismiss without specifying that the dismissal was with prejudice. Williams appeals.

### Discussion

Rule 67.03 provides that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Pursuant to that rule, Williams' dismissal was without prejudice. The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). An appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. *Id.* The parties agree that in this case the dismissal had no such effect.[2]

---

1. This Court transferred the case after opinion by the court of appeals authored by the Honorable Roy L. Richter. Portions of that *opinion are used without further attribution.*

This Court has jurisdiction. *Mo. Const. art. V, sec. 10.*

2. Rule 67.06 provides that on sustaining a motion to dismiss a claim, the court shall

## Conclusion

The appeal is dismissed.

All concur.

freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. No such leave was requested or granted. The parties agree that Williams should be permitted to amend his petition. As the appeal is dismissed, and under the facts of this case, Williams may seek such leave in the trial court, which shall be freely granted. *Compare Jordan v. City of Kansas City,* 972 S.W.2d 319, 322–23 (Mo.App.1998).