363 S.W.3d 172 (2012)
K.M.J., for Herself and as Next Friend Of I.G.M., a Minor Child, Appellant,
v.
M.A.J., Respondent.
No. ED 96677.
Missouri Court of Appeals, Eastern District, Division Three.
January 31, 2012.
Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 2012.
Application for Transfer Denied May 1, 2012.
*174 Mary Elizabeth Davidson, St. Louis, MO, for Appellant.
Michael L. Schechter, Clayton, MO, for Respondent.
ROBERT G. DOWD, JR., Presiding Judge.
K.M.J. ("Mother") appeals the dismissal of her action against M.A.J. ("Father") for a declaration of paternity as to I.G.M. ("Child") and an order of support and reimbursement of necessaries. Mother asserts the circuit court erred in dismissing the action for lack of jurisdiction because the circuit court had subject matter jurisdiction and personal jurisdiction over the parties. We reverse and remand for further proceedings.
On June 11, 2010, Mother filed an action against Father requesting a declaration of paternity, an order of support, and reimbursement of necessaries in the circuit court of St. Louis County. The petition alleged that as of the date of the filing, Mother and Child were residents of the state of Oklahoma, and Father was a resident and citizen of the country of Spain. The petition also alleged that approximately nine months prior to the birth of Child on June 12, 2002 in the State of Oklahoma, Mother and Father engaged in sexual intercourse in St. Louis County, Missouri, which resulted in the birth of Child. Father was served with the petition in the state of California on June 15, 2010 by an appointed Special Process Server.
On June 1, 2010, prior to the filing of the action in St. Louis County, Mother filed an action pursuing a step-parent adoption of Child by her current husband in Child's home state of Oklahoma. In that petition, Mother requested Father's parental rights be terminated and sought a declaration that the consent of Father to the adoption was not necessary because he had not contributed to the support of Child and had failed to maintain a relationship with Child.[1] On August 16, 2010, the Oklahoma court terminated Father's parental rights and granted the adoption.
Father subsequently entered a special appearance in the circuit court of St. Louis County to file a motion to dismiss and an amended motion to dismiss. In his motion to dismiss, Father asserted the circuit court did not have "jurisdiction" to determine the matter and grant relief because *175 under Section 210.829.4, RSMo 2000,[2] an action under the Uniform Parentage Act in Missouri may only be brought in the county in which the child resides, the mother resides, or the alleged father resides or is found. Father also asserted the circuit court lacked jurisdiction because there was a simultaneous proceeding occurring in Oklahoma. Finally, Father alleged the circuit court should dismiss the action because Missouri must give full faith and credit to the action in Oklahoma which terminated Father's parental rights. Thereafter, the circuit court dismissed Mother's petition. In its judgment, the circuit court stated:
Motion to dismiss filed by [Father] is sustained.
The Court has no jurisdiction over the parties to this cause. [Mother] and [Child] are residents of Oklahoma. [Father] is a resident of Spain.
Mother now appeals.
In her point, Mother contends the circuit court erred in dismissing the action for lack of jurisdiction because the circuit court had subject matter jurisdiction and personal jurisdiction over the parties.
At the outset, we must address whether this judgment is final for purposes of appellate review. The circuit court here did not indicate that the dismissal was with or without prejudice. A dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. Rule 67.03. The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable. Harlow v. Harlow, 302 S.W.3d 154, 155 (Mo.App. E.D.2009)(citing Chromalloy American Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 (Mo. banc 1997)). An appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. Williams v. Lee, 331 S.W.3d 298, 298 (Mo. banc 2011). Here, although the circuit court's dismissal is deemed to be without prejudice, as will become clear from our analysis below, we hold the judgment had the practical effect of terminating the litigation in Mother's chosen forum, and thus, the judgment is final and appealable.
We now turn to Mother's arguments concerning the jurisdiction of the circuit court. We review matters of jurisdiction de novo. Bounds v. O'Brien, 134 S.W.3d 666, 670 (Mo.App. E.D.2004).
In its judgment, the circuit court stated that it had "no jurisdiction over the parties" and dismissed Mother's action. The trial court's determination is erroneous. The circuit court had subject matter jurisdiction over the cause and personal jurisdiction over the parties.
As to subject matter jurisdiction, this is a civil case. Article V, Section 14 of the Missouri constitution provides that "the Circuit Courts shall have original jurisdiction over all cases and matters, civil and criminal." Therefore, the circuit court had constitutionally vested subject matter jurisdiction over the cause. J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 254 (Mo. banc 2009); Hightower v. Myers, 304 S.W.3d 727, 733 (Mo. banc 2010).
In addition, the circuit court had personal jurisdiction over the parties. By filing her petition in St. Louis County, Mother consented to the jurisdiction of the circuit court. The circuit court also had personal jurisdiction over Father pursuant to Section 210.829.2. That section of the Uniform Parentage Act provides that:
a person who has sexual intercourse in this state submits to the jurisdiction of *176 the courts of this state to an action brought under sections 210.817 to 210.852 with respect to a child who may have been conceived by that act of intercourse.
Furthermore, Section 454.857 of the Uniform Interstate Family Support Act contains a similar provision. That section provides, in pertinent part:
In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
* * *
(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse.
Section 454.857(6).[3] In her petition for a declaration of paternity, order of support, and for necessaries, Mother asserted she and Father engaged in sexual intercourse in St. Louis County which resulted in the conception of Child. Father has not disputed this and in fact, Father has agreed that his parental rights have been terminated by the Oklahoma court. Thus, pursuant to Section 210.829.2, Father has submitted to the courts of the State of Missouri, in particular to the circuit court here, to exercise personal jurisdiction over him.
Although the circuit court had subject matter and personal jurisdiction, it appears from the judgment there was some confusion by the circuit court regarding the issue of jurisdiction. Father framed the argument in his motion to dismiss in terms of jurisdiction. In his motion to dismiss, Father asserted the trial court did not have jurisdiction over the cause citing Section 210.829.4. To the extent Father asserts Section 210.829.4 is a subject matter jurisdiction provision, he is incorrect.
Section 210.829.4 provides that "[a]n action brought under sections 210.817 to 210.852 may be brought in the county in which the child resides, the mother resides, or the alleged father resides or is found or, if the father is deceased, in which proceedings for probate of his estate have been or could be commenced." Subject matter jurisdiction concerns a court's power to hear and determine cases. Lochhaas v. Burnett, 77 S.W.3d 12, 15 (Mo.App. E.D. 2002). Venue refers to the place of trial or the locality where an action may be properly brought. Id. Section 210.829.4 specifically refers to the place where an action under these sections may be brought and thus, it concerns venue and not subject matter jurisdiction. In addition, venue and personal jurisdiction address entirely different concerns and venue is not a prerequisite to personal jurisdiction. State ex rel. DePaul Health Center v. Mummert, 870 S.W.2d 820, 821 (Mo. banc 1994).
Even though Father referred to "jurisdiction" in his motion, he specifically cited to the venue provision of Section 210.829,[4] and the circuit court cited facts supporting a lack of venue. Therefore, we must consider whether the circuit court was a proper venue for Mother's action.
Venue is determined solely by statute. Control Technology and Solutions v. Malden R-1 School Dist., 181 *177 S.W.3d 80, 82 (Mo.App. E.D.2005). Statutory construction is a question of law, not judicial discretion. Id. No deference is due to a circuit court's judgment where resolution of the controversy is a question of law. Id.
The relevant portion of Section 210.829.4, provides that an action brought under Sections 210.817 to 210.852 "may be brought in the county in which the child resides, the mother resides, or the alleged father resides or is found." As stated in the circuit court's judgment, Mother and Child are residents of Oklahoma and Father is a resident of Spain. Thus, the venue provision in Section 210.829.4 does not appear to contemplate a situation like the present. Here, Father is not a resident of the United States. Because Father is not a resident of the United States, the only state that can obtain personal jurisdiction over Father is the state where the sexual intercourse took place, the state of Missouri. Yet, none of the parties resides in Missouri, and under these facts, Section 210.829.4 creates the anomalous situation where even though a Missouri court would have subject matter jurisdiction and personal jurisdiction, there is no appropriate venue to file the action.
Under these circumstances, Mother urges the application of the general venue statute in Section 508.010, RSMo Cum. Supp.2010, which provides, in pertinent part:
2. In all actions in which there is no count alleging a tort, venue shall be determined as follows:
* * *
(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state.
Section 210.829.4 and Section 508.010, RSMo Cum.Supp.2010, both address the same subject matter: venue. All consistent statutes relating to the same subject are considered in pari materia and are construed together and presumed to be intended to be read consistently and harmoniously. State ex rel. Rothermich v. Gallagher, 816 S.W.2d 194, 200 (Mo. banc 1991); City of Springfield v. Gee, 149 S.W.3d 609, 616 (Mo.App. S.D.2004).
In Rothermich, the court harmonized the general venue statute, Section 508.010, with the more specific venue provision in Section 508.040, when a suit is brought against one or more corporations and one or more individuals. Rothermich, 816 S.W.2d at 197. The court determined there was no express provision fixing venue in cases where one or more corporations are sued with one or more individuals. The court stated "[i]t is readily apparent that [Sections 508.010 and 508.040] do not in express terms cover all possible situations likely to arise," and thus, found the general venue statute in Section 508.010 applicable. Id. at 200.
Similarly, here, Section 210.829.4 does not cover the specific and unique factual situation presented here. Indeed, Section 210.829.4 says an action "may" be brought in the county in which the child resides, the mother resides, or the alleged father resides or is found. Therefore, we conclude that Section 210.829.4 and Section 508.010.2(4), RSMo Cum.Supp.2010, can be read consistently and harmoniously by construing them to require that where specific factual circumstances are not expressly covered by the specific venue provision in Section 289.829.4, the general venue statute of Section 508.010.2(4), RSMo Cum.Supp.2010, applies. Therefore, applying Section 508.010.2(4) RSMo Cum. Supp.2010, because Father is a nonresident defendant, Mother's action could have been brought in any county in Missouri. Thus, the circuit court was a proper venue for Mother's action.
*178 We reject Father's contention that Section 210.829.4 is controlling because it is the more specific statute. It is a recognized rule of statutory construction that, when the same subject matter is addressed in general terms by one statute and in specific terms by another statute, the more specific statute is controlling. Greenbriar Hills Country Club v. Director of Revenue, 47 S.W.3d 346, 352 (Mo. banc 2001). What Father fails to note is that this rule only applies when the two statutes cannot be harmonized because there is a "necessary repugnancy" between the statutes which cannot be reconciled. Id. Because Section 210.829.4 and Section 508.010.2(4), RSMo Cum. Supp 2010, are not in conflict and can be harmonized for the reasons already stated, Father's argument fails. Under the unique facts of this case, Section 210.829.4 and Section 508.010.2(4), RSMo Cum.Supp.2010, should be construed in pari materia, particularly where a Missouri court would have subject matter jurisdiction and personal jurisdiction, but Section 210.829.4 does not provide a designated venue.
In conclusion, the circuit court had both subject matter jurisdiction over the case and personal jurisdiction over the parties, the circuit court erred to the extent it stated it lacked jurisdiction. Furthermore, because of the unique facts present here and the application of Section 508.010.2(4), RSMo Cum.Supp.2010, venue was proper in the circuit court.
We note that we will affirm the order of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground. Johnson v. Vee Jay Cement, 77 S.W.3d 84, 88 (Mo. App. E.D.2002). We have considered the other two grounds asserted in Father's motion to dismiss and find them to be without merit. This court did not lack jurisdiction because of the simultaneous proceeding in the Oklahoma court. Mother did not seek support or necessaries from Father in the Oklahoma adoption proceeding. Furthermore, giving full faith and credit to the Oklahoma decision that terminated Father's parental rights, that decision does not prevent Mother's action for child support and necessaries owed prior to the termination of Father's parental rights from proceeding.
The circuit court's dismissal of Mother's action is reversed and the cause is remanded for a determination of any child support and necessaries owed prior to the termination of Father's parental rights.
MARY K. HOFF, J. and SHERRI B. SULLIVAN, J., concur.
NOTES
[1] In her petition for declaration of paternity, order of support, and for necessaries, Mother asserted Father consented to have his paternal rights terminated in and to Child in the step-parent adoption proceeding in the State of Oklahoma.
[2] All further statutory references are to RSMo 2000 unless otherwise indicated.
[3] We note this section has been repealed by H.B. 960, which was passed in the 2011 legislative session. The replacement statute, Section 454.1515, contains an identical provision in section (a) subsection (6).
[4] We conclude Father has not waived the propriety of venue. State ex rel. DePaul Health Center v. Mummert, 870 S.W.2d 820, 822 (Mo. banc 1994) ("a party cannot waive venue until he or she is before the court.")