In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

JOANNE PUETZ-ANDERSON, et al., ) No. ED108772
 )
 Respondents, ) Appeal from the Circuit Court
 ) of St. Louis County
 vs. ) 16SL-CC03837
 )
GERALD B. PUETZ, et al., ) Honorable Richard M. Stewart
 )
 Appellants. ) Filed: July 13, 2021

 Gerald B. Puetz, Jeanette M. Puetz, and David M. Puetz (“Appellants”), acting pro se,

appeal a judgment entered by the Circuit Court of St. Louis County in accordance with a consent

agreement (“Consent Judgment”) between Appellants and Joanne Puetz-Anderson and James E.

Puetz (“Respondents”), resolving Respondents’ petition for partition of real estate. Respondents

have filed a motion to dismiss the appeal, arguing the Consent Judgment may not be appealed

except for the purpose of challenging the trial court’s subject matter jurisdiction. This Court

took the motion with the case, and we now dismiss the appeal. 1

 I. BACKGROUND

 In 2012, Olive B. Puetz died intestate and was survived by her five adult children: David

M. Puetz, Jeanette M. Puetz, James E. Puetz, Gerald B. Puetz, and Joanne Puetz-Anderson.

1
 Respondents also filed a second motion to dismiss, an objection to Appellants’ motion to accept Appellants’ brief,
and a motion to strike Appellants’ appendix, which were taken with the case. Because we dismiss the appeal on
other grounds, these motions and pleadings are rendered moot.
Olive B. Puetz’s estate included eight tracks of land: namely, a one-half interest 2 in one property

in St. Louis County and seven properties in Franklin County. Each sibling received a 20%

interest in the Franklin County properties and a 10% interest in the St. Louis County property.

While not necessary to our disposition, it is helpful to relay some of the complex procedural

background underlying this appeal.

 In 2016, Respondents filed a petition to partition real estate, listing all eight properties in

both St. Louis and Franklin Counties. After a period of discovery, Respondents filed a first

amended petition, listing only the seven Franklin County properties and excluding the St. Louis

County property. 3 Appellants then filed a motion to dismiss for lack of subject matter

jurisdiction and to transfer venue, arguing that because all seven properties to be partitioned were

located in Franklin County, venue in St. Louis County was improper under section 528.040

RSMo. 2016. 4 At a hearing on the motion, Appellants withdrew their motion to transfer venue

and the trial court denied the motion to dismiss. Respondents then filed a final amended petition 5

in which they again requested partition of all eight properties in both St. Louis and Franklin

Counties. Appellants filed another motion to dismiss for lack of subject matter jurisdiction and

to transfer venue, which the trial court denied.

 On January 28, 2020, the parties entered into a Consent Judgment to partition the

properties, and the trial court entered judgment thereon. The Consent Judgment was signed by

all parties, their attorneys, and the trial court. Although it referenced the St. Louis County

property, the Consent Judgment did not partition the one-half interest in the St. Louis County

2
 The other undivided one-half interest in the property belongs to an individual who is not a party to this case.
3
 The parties agree Respondents excluded the St. Louis County property in their first amended petition because the
other one-half interest in the property belongs to a party not included in the lawsuit.
4
 All statutory references are to RSMo. 2016.
5
 The title of Respondents’ final amended petition alleges it is a “third amended petition”; however, this Court’s
review of the legal file demonstrates the pleading is Respondents’ second amended petition. To avoid confusion, we
will simply refer to this pleading as the “final amended petition.”

 2
property. Rather, in an order dated the same day and signed by the attorneys for both Appellants

and Respondents, the parties stated they consented to strike the St. Louis County property from

Respondents’ final amended petition (“Order to Strike”). 6 That same day, counsel for

Appellants requested and was granted permission to withdraw as counsel. Thereafter, Appellants

filed a pro se motion to reconsider the Consent Judgment and the Order to Strike, which was

deemed denied after 90 days. This appeal follows.

 II. DISCUSSION

 Pro se Appellants raise five points on appeal. While the appeal was pending,

Respondents filed a motion to dismiss, arguing Appellants may not appeal the Consent Judgment

except for the purpose of challenging the trial court’s subject matter jurisdiction. This Court

took the motion with the case and instructed the parties to brief this issue. Appellants argue the

Consent Judgment was void because the Circuit Court of St. Louis County lacked jurisdiction to

enter judgment both because venue was proper in Franklin County, and because the Consent

Judgment was the result of fraud. Neither of these arguments properly challenge the trial court’s

subject matter jurisdiction, and we must dismiss the appeal.

 “A judgment entered by consent of the parties is not a judicial determination of rights but

is a recital of an agreement and is not appealable.” Rosemann v. Roto-Die Co., Inc., 947 S.W.2d

507, 510 (Mo. App. E.D. 1997). A consent judgment is conclusive of matters to which the

parties agreed, and the judgment entered thereon is not subject to collateral attack except on

grounds that the trial court lacked jurisdiction over the parties or over the subject matter.

Household Finance Corp. v. Jenkins, 213 S.W.3d 194, 196 (Mo. App. E.D. 2007). General

6
 Our review of the record reveals that the Consent Judgment, in combination with the Order to Strike, did not
partition the one-half interest in the St. Louis County property or resolve any disputes relating to that property. To
resolve any disputes regarding reimbursement for monies spent on the St. Louis County property, the aggrieved
party would need to file a separate action naming all indispensable parties.

 3
allegations of legal or procedural error are not sufficient to challenge a trial court’s jurisdiction to

enter a consent judgment. See id. at 196-97.

 “Subject matter jurisdiction refers to a court’s authority to render judgment in a particular

category of cases.” State ex rel. Heartland Title Services., Inc. v. Harrell, 500 S.W.3d 239, 241

(Mo. banc 2016) (citing J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 253 (Mo. banc

2009)). Subject matter jurisdiction is determined by the Missouri Constitution, which grants

subject matter jurisdiction to circuit courts over all civil and criminal cases. Mo. Const. Art. V,

section 14. There is a distinction between an erroneous judgment that is subject to reversal on

appeal and a judgment that is void for lack of subject matter jurisdiction. See In re Marriage of

Hendrix, 183 S.W.3d 582, 590 (Mo. banc 2006). If a court merely errs in substance or legal

procedure, it has not lost jurisdiction; rather, it has simply erred. Id.

 Here, Appellants argue the Consent Judgment is void because the trial court lacked

subject matter jurisdiction, in that venue was improper in St. Louis County. Section 528.040

establishes the proper venue in actions to partition real estate and is the relevant venue statute

here. 7 For purposes of this discussion, we assume, without deciding, that proper venue for

Respondents’ partition action was in Franklin County because the majority of the properties were

located there. We nevertheless conclude this venue error did not void the Consent Judgment.

 First, improper venue did not impact the jurisdiction of the Circuit Court of St. Louis

County to enter the Consent Judgment. See Hendrix, 183 S.W.3d at 590; see also Household

Finance Corp., 213 S.W.3d at 196 (general allegations of legal or procedural error are not

sufficient to challenge the trial court’s jurisdiction to enter a consent judgment). Venue and

subject matter jurisdiction are distinct concepts, and improper venue, while erroneous, does not

7
 Although Appellants reference section 508.030, this statute addresses venue in actions affecting title to real estate,
not in partition actions where, as here, ownership of the real estate was already established. See Lochhaas v.
Burnett, 77 S.W.3d 12, 16 (Mo. App. E.D. 2002).

 4
divest a trial court of jurisdiction. See Lochhaas v. Burnett, 77 S.W.3d 12, 15 (Mo. App. E.D.

2002). Venue assumes that subject matter jurisdiction exists and determines which court, among

many with jurisdiction, is the appropriate forum for the trial. See Harrell, 500 S.W.3d at 241.

Even if venue is improper in a particular county, the defect does not deprive the trial court of

jurisdiction. See First Community Bank v. Hubbell Power Systems, Inc., 298 S.W.3d 534, 538

(Mo. App. S.D. 2009). Second, unlike subject matter jurisdiction, venue can be consented to or

waived, and, when a party consents to improper venue, the trial court has the authority to

proceed on the action. See Lochhaas, 77 S.W.3d at 15. Appellants here waived their improper-

venue argument when they agreed to the Consent Judgment. See id.

 To the extent Appellants assert fraud in procuring their agreement to the Consent

Judgment, this also does not terminate a court’s subject matter jurisdiction. See Harrell, 500

S.W.3d at 241. Rather, the proper way to seek relief from a judgment for fraud in the

procurement is through a motion under Missouri Supreme Court Rule 74.06 (effective from

January 1, 1988 to the present), and Appellants have not filed such a motion.

 Because the alleged legal error here did not deprive the trial court of subject matter

jurisdiction, the Consent Judgment is not appealable. We grant Respondents’ motion to dismiss

asserting the appeal must be dismissed on these grounds, and the appeal is dismissed.

 III. CONCLUSION

 Based on the foregoing, Appellants’ appeal is dismissed.

 ROBERT M. CLAYTON III, Judge

Colleen Dolan, P.J., and
Kelly C. Broniec, J., concur.

 5