

# Missouri Court of Appeals
## Southern District

### In Division

HENRY COUNTY and )
TANEY COUNTY, )
      )
     Plaintiffs-Respondents, )
      )
v. )    No. SD38231
      )
      )    Filed: **October 23, 2024**
W. ARCHIE DUNN, )
      )
     Defendant-Appellant. **)**

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton, Judge

**<u>VACATED AND REMANDED</u>**

     W. Archie Dunn ("Appellant"), the former Sheriff of Jasper County, appeals a grant of summary judgment in favor of Henry and Taney Counties ("Respondents"). Appellant presents two points on appeal: (1) that the trial court erred in applying §50.650,[1] because that section only imposes personal liability on a county officer who purchases "supplies, materials or equipment" without first securing the proper certificate from the county accounting officer; and (2) that the trial court erred in applying §50.650 because §221.230

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2006, as amended through 2011, the date of the alleged incident.

1

entitled Appellant to board prisoners outside of the county and §221.260 makes payment for the boarding of prisoners the responsibility of the county. Because the plain language of §50.650 does not apply to the cost of boarding prisoners, we vacate the grant of summary judgment and remand for further proceedings.

**Factual and Procedural History**

The parties confirmed at oral argument that the facts in this matter are undisputed. Appellant served as Sheriff of Jasper County from 2005 to 2012. In 2011, the Jasper County Jail experienced overcrowding and maintenance issues ("Jail Conditions"). Appellant received correspondence from the American Civil Liberties Union, threatening legal action against Jasper County due to the Jail Conditions.

In May 2011, Appellant entered into an agreement with Henry County to board Jasper County prisoners at the Henry County Jail. The cost of boarding prisoners in Henry County totaled $140,825.27.

A dispute arose between Appellant and the Jasper County Commission ("Commission") over who would pay the cost of boarding Jasper County prisoners outside of Jasper County. The Commission informed Appellant that it would not pay the invoices sent by Henry County because there was no "line item" in Appellant's budget for boarding prisoners outside of the Jasper County Jail, and that if Appellant proceeded in incurring such costs, he could be held personally liable.

In September 2011, the Jail Conditions persisted. Appellant entered into an agreement with Taney County to board Jasper County prisoners at the Taney County Jail. The cost of boarding prisoners in Taney County totaled $54,225.00.

Appellant did not receive a certificate of available funds from the Jasper County Auditor before boarding prisoners outside of Jasper County. The parties agree that Appellant's budget had sufficient funds that could have been reallocated to pay Respondents, and the Commission had a surplus in an emergency budget from which they also could have paid Respondents. Neither Appellant nor the Commission, however, were willing to reallocate money to cover the expense, and Respondents' invoices went unpaid.

On February 21, 2012, Henry County filed its first amended petition against Jasper County and Appellant. In Count I, Henry County sought payment from Jasper County under §221.260.[2] Jasper County subsequently settled with Henry County and became the assignee of its claims against Appellant. On September 20, 2013, Jasper County also became assignee of Taney County's claims against Appellant. As assignee of Henry County's claims, Jasper County filed a second amended petition, joining Taney County and adding an additional claim, Count III, seeking to recover payment from Appellant in his individual capacity pursuant to §50.650.

On August 16, 2023, the trial court entered summary judgment against Appellant on Counts I and III, finding that Jasper County, as assignee of Respondents' claims, was entitled to damages in the amount of $129,086.00 against Appellant in his individual capacity pursuant to §50.650. This appeal followed.

---

[2] Section 221.260 is entitled "Commitment from another county, expenses, how paid[,]" and states in relevant part:

> In all cases where a person is committed from another county for a criminal offense under this chapter, such county, or the prisoner, or the state, shall pay the expenses, in the same manner as if the commitment had been in the county where the offense was committed. . . .

**Standard of Review**

Our review of a grant of summary judgment is *de novo*. ***Lisle v. Meyer Elec. Co.***, 667 S.W.3d 100, 103 (Mo. banc 2023). "Summary judgment will be affirmed when the moving party has established a right to judgment as a matter of law on the basis of facts as to which there is no genuine dispute." ***Holmes v. Steelman***, 624 S.W.3d 144, 148 (Mo. banc 2021). In determining whether a party has established a right to judgment, issues of "statutory interpretation are questions of law reviewed *de novo*." ***Id.*** at 149.

**Analysis**

There appears to be no case law in Missouri analyzing whether the cost for boarding prisoners outside of a county qualifies as an expense contemplated under §50.650. Section 50.650 reads, in relevant part, "[a]ny officer purchasing any *supplies, materials or equipment* is liable personally and on his bond for the amount of any obligation he incurs against the county without first securing the proper certificate from the accounting officer." ***Id***. (emphasis added). Appellant and Respondents disagree over whether the cost for boarding prisoners outside of Jasper County qualifies as "supplies, materials or equipment" which could subject Appellant to personal liability.

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used and to give effect to that intent if possible." ***Lisle***, 667 S.W.3d at 104 (quoting ***Mo. State Conf. of NAACP v. State***, 607 S.W.3d 728, 732 (Mo. banc 2020). The language of a statute is given its plain and ordinary meaning. ***Spradlin v. City of Fulton***, 982 S.W.2d 255, 258 (Mo. banc 1998). When interpreting a statute, "in the absence of statutory definitions, the plain and ordinary meaning of a term may be derived from a dictionary, and by considering the context of the entire statute in which it

4

appears." ***Swafford v. Treasurer of Mo.***, 659 S.W.3d 580, 583 (Mo. banc 2023) (internal citation omitted). "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then [this Court is] bound by that intent[.]" ***Howard v. City of Kan. City***, 332 S.W.3d 772, 787 (Mo. banc 2011) (internal citation omitted).

Because §50.650 does not provide express definitions of the terms "supplies, materials or equipment[,]" this Court must look to dictionary definitions to determine their plain and ordinary meanings. ***Swafford***, 659 S.W.3d at 583. "Supplies" is defined as "the quantity or amount (as of a commodity) needed or available." *Merriam-Webster's Collegiate Dictionary* 1256 (11th ed. 2003) (defining "supplies"). "Commodity," as referenced in the definition of "supplies," is defined as "an economic good: such as: (a) a product of agriculture or mining, (b) an article of commerce especially when delivered for shipment, [and] (c) a mass-produced unspecialized product." *Merriam-Webster's Collegiate Dictionary* 250 (11th ed. 2003) (defining "commodity"). "Materials" is defined as "the elements, constituents, or substances of which something is composed or can be made." *Merriam-Webster's Collegiate Dictionary* 765 (11th ed. 2003) (defining "materials"). "Equipment" is defined as "the set of articles or physical resources serving to equip a person or thing." *Merriam-Webster's Collegiate Dictionary* 423 (11th ed. 2003) (defining "equipment").

Applying the plain and ordinary meanings of the terms "supplies, materials or equipment[,]" this Court finds that boarding prisoners outside of the detaining county does not fall within any of these descriptions. The boarding of prisoners is not a commodity needed or available, a physical component or substance, or a resource used to equip a

5

person or thing.  Respondents argue that boarding prisoners requires the use of various supplies, materials or equipment, and therefore such items are necessarily being "purchased" pursuant to §50.650.  We disagree.  When a person rents a hotel room, they are not purchasing the sheets, towels, soap, flooring and other items in the room.  Similarly, a sheriff that boards prisoners in another county is not purchasing the clothing, the food, the bedding or any of the other supplies, materials or equipment used in that jail.

Respondents further argue that, because §50.770 defines "supplies" to include "materials, equipment, [and] *contractual services*" (emphasis added),[3] this Court should also interpret "supplies" under §50.650 to encompass contractual services, including the boarding of prisoners.

The legislature, however, did not make the definitions in §50.770 applicable to §50.650.  If the legislature had intended the term "supplies" in §50.650 to encompass contractual services, as it did in §50.770, it could have expressed such intent in the statute.  Moreover, it is a recognized rule of statutory construction that when the same subject matter is addressed in general terms by one statute and in specific terms by another statute, the specific statute controls.  **K.M.J. v. M.A.J.***, 363 S.W.3d 172, 178 (Mo. App. E.D. 2012).  Here, §221.260 is a specific statute that explicitly addresses the costs of boarding prisoners outside the detaining county, and states that such expenses are the county's responsibility.  The legislature's inclusion of a specific provision for the cost of boarding prisoners in

---

[3] Section 50.770 is entitled "Supplies defined (second class and certain first-class counties)[,]" and states in relevant part:

> The word "supplies", as used in sections 50.760 to 50.790, means materials, equipment, contractual services, and shall be held and construed to include every article or thing, excluding utility services regulated under chapters 392 and 393, for which payment may by law be required to be made by the county, and including advertising and printing required to be done by the county . . . .

6

§221.260 is further evidence that boarding prisoners does not fall under the umbrella of the "supplies, materials or equipment" contemplated in §50.650.[4]

**Conclusion**

The trial court's grant of summary judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS

---

[4] Because our finding on Point I is dispositive, we need not address the issues raised in Point II, except to note that the specific language of §221.260 obligates that the "[sending] *county* . . . shall pay the expenses" (emphasis added), and §221.230 entitled Appellant to board prisoners outside of Jasper County.